## DAVENPORT *v.* DOWS.

Although a stockholder in a corporation may bring a suit when the corporation refuses, yet, as in such case the suit can be maintained only on the ground that the rights of the corporation are involved, the corporation should be made a party to the suit, and a demurrer will lie if it is not so made.

APPEAL from the Circuit Court for the District of Iowa.

Dows, a citizen of New York, in behalf of himself and all other non-resident citizens of Iowa, who were stockholders in the Chicago, Rock Island, and Pacific Railroad Company, filed a bill in the court below against the city of Davenport, and its marshal, to arrest the collection of a tax, alleged to be illegal, levied by the said city for general revenue purposes, on the property of the company within its limits. The bill assigned as a reason for its being filed by Dows, a stockholder in the company, instead of by the company itself, that the company neglected and refused to take action on the subject. A demurrer was interposed to the bill, which was overruled, and on the defendants refusing to answer over, the Circuit Court ordered that the collection of the tax be perpetually enjoined. From this, its action, the defendants appealed, insisting that the Circuit Court erred in overruling the demurrer, for three reasons:

*First.* Because the railroad company was not made a party to the bill.

*Second.* Because the complainant had a complete remedy at law; and,

*Third.* Because the tax in question was a proper charge against the property of the corporation.

*Mr. J. N. Rogers, for the appellants; Mr. T. F. Witherow, contra.*

Mr. Justice DAVIS delivered the opinion of the court.

It is unnecessary to notice the last two reasons assigned, why the demurrer should not have been overruled, as the first is well taken. Indeed, it would be improper to pass on the merits of the controversy until the proper parties to be affected by the decision are before the court.

That a stockholder may bring a suit when a corporation refuses is settled in *Dodge* v. *Woolsey*,* but such a suit can only be maintained on the ground that the rights of the corporation are involved. These rights the individual shareholder is allowed to assert in behalf of himself and associates, because the directors of the corporation decline to take the proper steps to assert them. Manifestly the proceedings for this purpose should be so conducted that any decree which shall be made on the merits shall conclude the corporation. This can only be done by making the corporation a party defendant. The relief asked is on behalf of the corporation, not the individual shareholder, and if it be granted the complainant derives only an incidental benefit from it. It would be wrong, in case the shareholder were unsuccessful, to allow the corporation to renew the litigation in another suit, involving precisely the same subject-matter. To avoid such a result, a court of equity will not take cognizance of a bill brought to settle a question in which the corporation is the essential party in interest, unless it is made a party to the litigation.†

---

* 18 Howard, 340.

† Robinson *v.* Smith, 3 Paige, 222, 233; Cunningham *v.* Pell, 5 Id. 607; Hersey *v.* Veazie, 24 Maine, 1; Charleston Insurance and Trust Co. *v.* Sebring, 5 Richardson, Equity, 342; Western Railroad Co. *v.* Nolan, 48 New York, 573; Bagshaw *v.* Eastern Union Railroad Co., 7 Hare, 114–131.

In this case the tax sought to be avoided was assessed against the Chicago, Rock Island, and Pacific Railroad Company, and the decree rendered discharges the company from the payment of this tax. The corporation, therefore, should have been made a party to the suit, and as it was not, the demurrer should have been sustained.

DECREE REVERSED, and the cause remanded for further proceedings,

IN CONFORMITY WITH THIS OPINION.