FIRST NAT. BANK OF HANNIBAL, MISSOURI, *v.* SMITH and others.*

SAME *v.* BIGELOW and others.

*(Circuit Court, D. Massachusetts.  September 6, 1879.)*

1. CIRCUIT COURT—JURISDICTION.

A circuit court cannot entertain a suit where a party, whose legal presence in the proceeding is necessary, cannot be subjected to its jurisdiction.

2. NECESSARY PARTY—CORPORATION.

A corporation is a necessary party to a suit for collecting moneys due for unpaid assessments of its stock, or for capital once paid in, but afterwards improperly divided.

3. SAME—NATIONAL BANK.

*Quære,* whether a national bank can maintain a suit in a circuit court, other than the district in which such association is established. —[ED.

In Equity.  Demurrer.

*B. Wadleigh* and *F. P. Fish,* for complainants.

*Russell & Putnam, Wm. P. Wilson,* and *Sidney Bartlett,* for defendants.

NELSON, D. J.  These cases were argued together and present the same questions for decision.

The plaintiff is a banking association established in the state of Missouri under the acts of congress providing for national banking associations.  It is described in the amended bills as "a citizen of the state of Missouri, and located and residing in the city of Hannibal, in said state of Missouri." The defendants are all citizens of Massachusetts.  The North Missouri Coal & Mining Company and the Pacific Coal & Mining Company are corporations created by the laws of Missouri.  One of the questions raised by the demurrers, and argued with great learning and ingenuity by counsel on both sides, was whether a national banking association can maintain a suit in the circuit courts of the United States, except

*See *Dormitzer* v. *Illinois & St. Louis Bridge Co., infra.*

in the district where the association is established. The view I have taken of the cases renders it unnecessary to pass upon this question, and I allude to it only that it might appear the point was not overlooked in this discussion.

But, assuming that the plaintiff can sue in this court, I am of the opinion that one of the other objections raised by the demurrers is well taken. The plaintiff's bills, as amended, pray in substance that the defendants may be required to account for unpaid subscriptions to stock and dividends, received out of capital as assets of the insolvent corporations, and that these assets may be applied in payment of certain judgments which the plaintiff has recovered against the corporations. It is too clear to admit of discussion that the corporations are necessary parties to suits like these. Unless they are made parties, they will not be concluded by decrees made in the cases on the merits, and the defendants might be called upon a second time to account for the same assets at the suit of the corporations, or receivers appointed over their affairs. The defendants have the right to insist that the decree shall conclude the plaintiffs, the corporations, and all other creditors, and afford a full and complete protection against future suits for the same causes of action. Such decrees cannot be made in suits when the corporations are not parties, or by a court having no jurisdiction to require the legal presence of the corporations in the proceedings. *Wood* v. *Dummee,* 3 Mason, 308, 316; *Shields* v. *Barron,* 17 How. 130; *Ogilvie* v. *Knox Ins. Co.* 22 How. 380; *Barney* v. *Baltimore,* 6 Wall. 280; *Davenport* v. *Dows,* 18 Wall. 626; *Kendig* v. *Dean,* 97 U. S. 423; *Tremain* v. *Amory,* decided by *Lowell,* J., in the first circuit at Boston, June, 1879.

The rules which govern the circuit courts of the United States in cases like these are well settled. The court refuses to entertain a suit where a party, whose legal presence in the proceeding is necessary, cannot be subjected to its jurisdiction. *Kendig* v. *Dean; Barney* v. *Baltimore; Tremain* v. *Amory, ubi supra.*

As the corporations have not been and cannot be made

parties to these suits for want of jurisdiction of the court over them, the demurrers must be sustained and the bills dismissed without prejudice.

Ordered accordingly.