## PORTER *et al. v.* SABIN *et al.*

### *Circuit Court, D. Minnesota.* October 27, 1888

1. RECEIVERS—ACTIONS—CORPORATIONS—STOCKHOLDERS.
    In an action against former directors of a corporation, by stockholders, for loss incurred by the corporation on account of defendants' unauthorized indorsements of the company's name, it is not enough to show the failure or refusal of the receiver of the corporation to bring the action, but he must be made a party defendant in order that the corporation may be bound.
2. SAME—FEDERAL COURTS—JURISDICTION.
    Where the state court refuses to permit the receiver either to sue or to be made a party defendant, the jurisdiction of the federal court fails.

In Equity.

Complaint by Henry H. Porter and Ransom R. Cable against Dwight M. Sabin, Joseph C. O'Gorman, the Northwestern Manufacturing & Car Company, and the Minnesota Thresher Manufacturing Company.

*Clapp & Macartney, J. M. Flower,* and *S. U. Pinney,* for complainants.

*George B. Young, Fayette Marsh,* and *Davis, Kellogg & Severance,* for defendants.

BREWER, J. This case is now submitted on demurrer to an amended and supplemental bill. Complainants are citizens of the state of Illinois, and stockholders in the Northwestern Manufacturing & Car Company, and bring this suit in behalf of themselves and all others in like estate. The defendants are all citizens of the state of Minnesota. Two of them, Sabin & O'Gorman, were directors of the car company, and had the entire management of its business. While so managing the car company, they used its credit by indorsing in its corporate name a large amount of paper for the benefit of third parties, which resulted in great loss to the car company. These transactions were so carried on as to give an undoubted right of action in favor of the car company against them. On the 10th of May, 1884, the car company failed, and one Edward S. Brown was appointed receiver in a suit by the creditors commenced in the state court. The complainants, as stockholders, applied to such receiver, and through him to that court, to bring a suit against the defendants Sabin & O'Gorman to ascertain and recover the damages sustained by the corporation by reason of their fraudulent and unauthorized acts, which application was denied. Thereupon this suit was brought by the filing of the original bill, and on the same day the complainants made a motion in that court

to be allowed to make the receiver a party defendant.  They also subsequently moved to exclude from a contemplated order of sale all causes of action which stockholders might maintain in right of the corporation, and which the corporation itself or its receiver had refused to bring, both of which motions were denied; and that court entered an order directing a sale as a whole of the entire assets and plant of the car company, the description in the order being as follows:

"All the stock, property, things in action, and effects of the defendant the Northwestern Manufacturing and Car Company, of which E. S. Brown has been appointed receiver in this action, or to which the receiver may be entitled as the same shall exist at the time of the sale; including all real estate, buildings, machinery, tools, patterns, fixtures, materials, articles manufactured, unmanufactured, or in process of manufacture, cash in hand, book-accounts, letters patent, choses in action, bills receivable, and of all property, assets, claims, liens, and demands of every name and nature, either in law or in equity, and wherever situated."

A public sale was made in pursuance of this order, and the property sold to the Minnesota Thresher Manufacturing Company.  This sale was confirmed, and the property delivered about the 1st of January, 1888. The last-named company, which is made a defendant to this suit, was organized in 1884 for the express purpose of acquiring the property and continuing the business of the car company.  During the winter of 1886–87 Sabin & O'Gorman obtained the control of the directory and management of the Thresher company, and, for the purpose of preventing an investigation into their management of the car company's business, made application to have the car company's assets sold as a whole, which application was successful; and also resisted the application of these complainants to have suit brought in the name of the receiver.  To this bill the defendants have, as stated, filed a demurrer, and upon such demurrer the question arises.

It is conceded, and the law undoubtedly is as conceded, that the cause of action stated in the bill is one primarily in favor of the corporation, and that, upon the appointment of the receiver, such right of action passed to him, and he was the party to institute the suit.  There can also be no doubt that under some circumstances a cause of action existing in favor of a corporation may be enforced at the suit of a stockholder. But in the view which I take of the case it is unnecesary to consider at large any of these questions.  The pivotal question is whether this suit can be maintained without the presence of the receiver as a party.  The authorities all seem to agree that where there is no receivership, and a stockholder is seeking to enforce by a suit a right in favor of the corporation, the corporation is an indispensable party defendant, and that, if for any reason the corporation cannot be made a party defendant, the suit must fail.  The reason for this is that, unless the corporation is a party, it is not concluded by the judgment or decree, and the defendant may be subjected to another suit by it, and perhaps many suits by other stockholders; but when the corporation is a party, then the judgment or decree binds it, and the defendant is protected from further litigation

upon that cause of action.　See *Samuel* v. *Holladay*, Woolw. 400; *Greaves* v. *Gouge*, 69 N. Y. 156; *Brinckerhoff* v. *Bostwick*, 88 N. Y. 52; *Colquitt* v. *Howard*, 11 Ga. 569; *Insurance Co.* v. *Sebring*, 5 Rich. Eq. 342; *Davenport* v. *Dows*, 18 Wall. 626.　In the last case the supreme court thus disposes of the matter:

"That a stockholder may bring a suit when a corporation refuses, is settled in *Dodge* v. *Woolsey*, 18 How. 340, but such a suit can only be maintained on the ground that the rights of the corporation are involved.　These rights the individual shareholder is allowed to assert in behalf of himself and associates, because the directors of the corporation decline to take the proper steps to assert them.　Manifestly the proceedings for this purpose should be so conducted that any decree which shall be made on the merits shall conclude the corporation.　This can only be done by making the corporation a party defendant. The relief asked is on behalf of the corporation, not the individual shareholder; and, if it be granted, the complainant derives only an incidental benefit from it.　It would be wrong, in case the shareholders were unsuccessful, to allow the corporation to renew the litigation in another suit involving precisely the same subject-matter.　To avoid such a result, a court of equity will not take cognizance of a bill brought to settle a question in which the corporation is the essential party in interest, unless it is made a party to the litigation."

It is not enough to allege and show that the corporation has failed to bring suit, or refused upon demand to bring it; such facts disclose merely the right of the stockholder to maintain the suit.　The same reason makes the receiver also an indispensable party, for, when appointed, he has, in place of the corporation, the right to maintain such an action; if he be not made a party, then the defendant may thereafter be subjected to a suit at his instance.　This was recognized in the case of *Brinckerhoff* v. *Bostwick*, *supra*, in which the court uses this language:

"The bank was a proper, and even a necessary, party defendant.　It continued to be a corporation notwithstanding the appointment of a receiver, and the receiver may bring actions in its name.　The receiver was also a necessary party, as it was through him that the amount which might be adjudged against the directors was to be collected and paid over.　The presence of both of these parties was necessary to a final determination of the controversy."

Now, when one is an indispensable party, the inability to make him a party does not have the effect to give the court jurisdiction of the action as against the other parties, but prevents it from taking jurisdiction. This is familiar law; and it matters not how this inability arises, whether because that party resides beyond the reach of the process of the court, or because through the action of some other tribunal it is impossible to make him a party.　That the receiver cannot be made a party without the leave of the court is settled.　*Barton* v. *Barbour*, 104 U. S. 126. Now, the state court which appointed the receiver, for reasons satisfactory to it, and which must be assumed were good and sufficient, not only declined to permit the receiver to sue at the time the application was made to it, but also declined to permit the receiver to be made a party defendant to this suit.　Hence no decree can be rendered here binding the receiver, and none which would prevent the receiver from asserting the right of the corporation in a subsequent suit.　He is an indispensable party, and this court is powerless to make him a party, and therefore

the jurisdiction of this court to proceed in this action cannot be sustained. I have not stopped in this opinion to consider whether the sale made of the assets of the car company transferred this right of action to the Thresher company. I have assumed that it did not, as claimed by counsel for complainant. It is not expressly mentioned in the order of sale, nor is it expressly excluded; the language of that order is general in its terms. If it were such an asset as is assignable, then the general terms of description would probably convey it, and the conveyance, being at a public judicial sale, would doubtless transfer a good title to the purchaser,—a title which could not be assailed by these complainants simply as stockholders in the car company. For these reasons I think the demurrer to the amended bill must be sustained. I have held this case for some time, and given the matter much thought, for I was impressed at the argument with the idea that somehow this action ought to be sustained; and only what seemed to me the settled laws of adjudication have forced me to a different conclusion. The demurrer will be sustained.