ELDRED et al. v. AMERICAN PALACE-CAR CO. OF NEW JERSEY et al.

(Circuit Court of Appeals, Third Circuit. December 14, 1900.)

No. 26.

1. CORPORATIONS—ACTIONS BY STOCKHOLDERS—NECESSARY PARTIES.

A corporation is an indispensable party to a suit by its minority stockholders to set aside a transfer of property by the corporation.

2. PRELIMINARY INJUNCTION—DISSOLUTION—WANT OF JURISDICTION TO GRANT FINAL RELIEF.

Where it has become clear that the court cannot grant the final relief prayed for in a bill because of the absence of an indispensable party, over whom the court is without jurisdiction, and who refuses to become a party voluntarily, a preliminary injunction issued against the defendant should be dissolved.

Appeal from the Circuit Court of the United States for the District of New Jersey.

Robert H. McCarter and Arthur Lord, for appellants.

Edward Q. Keasbey, for appellees.

Before DALLAS, Circuit Judge, and BUFFINGTON and J. B. McPHERSON, District Judges.

BUFFINGTON, District Judge. This is an appeal by the American Palace-Car Company, a corporation of the state of New Jersey, and others, from an order of the circuit court for the district of New Jersey refusing to vacate, and continuing, a preliminary injunction theretofore granted by said court against said appellants. The court's opinion is in 96 Fed. 59. Thereafter the same court vacated a decree pro confesso entered against the American Palace-Car Company, a corporation of the state of Maine, and dismissed the bill as to said respondent company. 103 Fed. 209. On an appeal to this court by the complainants from the order so dismissing the bill as to the Maine company, the action of the circuit court has been affirmed in an opinion herewith filed. The bill in question was filed by a small minority of the stockholders of the Maine corporation to invalidate and set aside a transfer made by that company of its patents and personal property to the New Jersey corporation. It also sought to enjoin the latter company from retransferring and disposing of said property, and prayed that "the American Palace-Car Company of New Jersey may restore to the American Palace-Car Company of Maine all the property, chattels, and patent rights of every kind, and so attempted to be transferred, and any equity they may have in the palace car, Boston." The complainants represented 293 out of 15,000 shares. After hearing the application for an injunction, the court, on June 27, 1899, granted the injunction, which still remains in force. Subsequent thereto answers were filed. From these it appears that on March 2, 1900, after notice to all the stockholders of the Maine company, a stockholders' meeting was held. At such meeting the former action of the said company in transferring its assets to the New Jersey corporation in consideration of the assumption of the debts of the Maine company and the issue to

the stockholders of the latter company of one share of stock of the New Jersey company in lieu of two shares of the Maine company was ratified and approved. In taking this action, out of the 293 shares represented by the complainants in this bill 27 voted in favor of such ratification, 129 were present and did not vote, and 127 did not attend. Only 10 shares voted against ratification. It sufficiently appears that the Maine company is insolvent. No plan is suggested by which it can now pay, or will have any prospect of hereafter paying, its debts. No plan of reorganization or readjustment of its affairs is advanced by complainants or their counsel. Subsequent to the filing of said answer, application was made to the circuit court to dissolve the injunction. Such application was made to Circuit Judge Gray, who heard the case in the absence abroad of Judge Kirkpatrick, who had granted the preliminary injunction. In an opinion filed Judge Gray continued the injunction, though evidently with some hesitation, as he had before him the answers showing ratification and the dismissal of the bill as to the Maine company,—matters occurring subsequent to the grant of the injunction. As the case now stands, we have the hopelessly insolvent corporation of the state of Maine seeking to provide for its indebtedness by having the New Jersey corporation assume it, and also issue one share of its stock in exchange for two shares of the stock of the insolvent Maine company. At bar counsel for the New Jersey company signify the willingness and desire of that company to carry out such proposed stock exchange. After full consideration it appears that but 10 shares of stock, represented by one of the complainants in this case, record any objection to this plan. The Maine company, by a practically unanimous vote of its stockholders, favors the plan, and that company refuses to become a party to this bill, by which it is sought to invalidate the transfer. Apart from the strong case thereby presented for the court declining to lend its aid to the minority stockholders, whose purpose is manifestly not to put the company in a position where its indebtedness can be paid or provided for, but to obstruct the plan of practically all the stockholders whereby something can be saved from the wreck, we think this injunction should be lifted, because it is clear the complainant can have no relief by final decree. This litigation must eventually end in the dismissal of the bill, by reason of the absence from the record of a necessary party. If such be the certain end of the bill, why should this injunction, without security, stand until that end is reached? It is quite clear that the right of action here sought to be enforced is the right of action of the Maine corporation. The right of such corporation is the foundation on which the relief sought by its stockholders rests. The stockholder has no rights separable from those of the corporation. The right of the party before the court depends on the right of the party not before the court. Not only is the presence on the record of that corporation necessary to constitute the stockholders' right, but the respondent has a right to its presence, so that it may be concluded by the decree. The authorities are clear that such corporation, either as a complainant or a respondent, is an indispensable party to the bill. In Davenport

v. Dows, 18 Wall. 626, 21 L. Ed. 938, it was held the corporation was a necessary party to a bill filed by a stockholder, and its nonjoinder was demurrable. To the same effect are Mallow v. Hinde, 12 Wheat. 193, 6 L. Ed. 599; California v. Southern Pac. Co., 157 U. S. 248, 15 Sup. Ct. 591, 39 L. Ed. 683; Fourth Nat. Bank v. New Orleans & C. R. Co., 11 Wall. 625, 20 L. Ed. 82; Railroad Co. v. Mills, 113 U. S. 256, 5 Sup. Ct. 456, 28 L. Ed. 949; Porter v. Sabin (C. C.) 36 Fed. 476. The order continuing the injunction is, therefore, reversed, the injunction dissolved, and the case remanded, with direction to dismiss the bill