McNEELY et al. v. E. I. DU PONT DE NEMOURS POWDER CO. et al.

(District Court, D. Delaware. January 15, 1920.)

No. 345.

1. COURTS ⬤⇒274—CORPORATION CANNOT BE SUED IN FEDERAL COURT IN STATE WHERE NEITHER PARTY RESIDES, THOUGH IT HAS PLACE OF BUSINESS THERE.

Under Judicial Code, § 51 (Comp. St. § 1033), where the jurisdiction of a United States court is founded only on diverse citizenship, a corporation cannot be sued in a District Court held in a state other than that of its incorporation, when not the state of plaintiff's residence, even though it has a place of business there.

2. CORPORATIONS ⬤⇒506—CORPORATION IS INDISPENSABLE PARTY TO STOCK-HOLDERS' SUIT.

In a stockholders' suit to require individuals to account to the corporation for moneys alleged to have been diverted from the corporation, it is an indispensable party.

In Equity. Suit by Robert K. McNeely and another, copartners trading as McNeely & Co., against the E. I. Du Pont de Nemours Powder Company and others. On motions by the defendant corporation to set aside the service, and by the individual defendants to dismiss the bill. Motions granted.

Ward, Gray & Neary, of Wilmington, Del., and Roberts, Montgomery & McKeehan, of Philadelphia, Pa., for plaintiffs.

William S. Hilles and Robert H. Richards, both of Wilmington, Del., for defendants.

MORRIS, District Judge. The complainants, Robert K. McNeely and Richard P. McNeely, copartners, trading as McNeely & Co., citizens of Pennsylvania, stockholders of E. I. Du Pont de Nemours Powder Company, a corporation of New Jersey (hereinafter referred to as the Powder Company), filed their bill of complaint against that company and certain individual defendants, residents of Delaware. The bill alleges that through the action of the individual defendants certain moneys were illegally diverted from the Powder Company, and prays for a decree requiring the individual defendants to account to the Powder Company therefor. The bill is a class bill, being filed by the complainants, not only in their own behalf, but also in behalf of all other stockholders of the Powder Company.

The Powder Company, after service of the subpœna upon its president, appeared specially and moved the court to set aside the alleged service thereof for the following reasons:

"1. That this honorable court is without jurisdiction over the said company and that the said company cannot be compelled to answer in this cause.

"2. That jurisdiction in the above-entitled cause is founded only on the fact that the action is between citizens of different states, and that this defendant is a citizen and resident of the state of New Jersey and is not a citizen or resident of the district of Delaware."

This motion is based upon that portion of section 51 of the Judicial Code (Comp. St. § 1033) which provides:

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"But where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

[1] The defendant's motion was seasonably made and the question of venue properly raised. It has been definitely settled by the Supreme Court that within the meaning of the act in question a corporation cannot be considered a citizen, an inhabitant, or a resident of a state in which it has not been incorporated, and, consequently, that a corporation incorporated in one state cannot be compelled to answer to a civil suit, at law or in equity, in a District Court of the United States held in another state (such other state not being the residence of the plaintiff), even if the corporation has a usual place of business in the latter state. In re Keasbey & Mattison Co., 160 U. S. 221, 16 Sup. Ct. 273, 40 L. Ed. 402; Shaw v. Quincy Mining Co., 145 U. S. 444, 12 Sup. Ct. 935, 36 L. Ed. 768. As the jurisdiction of this court in this case is founded solely on the fact that the action is between citizens of different states, and as this district is not the district of the residence of either the plaintiff or the Powder Company, the motion of the Powder Company must be granted.

The individual defendants have moved to dismiss the bill of complaint, and assigned several grounds therefor, only one of which need be considered, viz.:

"That the said E. I. Du Pont de Nemours Powder Company is a necessary and indispensable party defendant, and this honorable court is without authority to subject the said company to its jurisdiction herein."

[2] It having been hereinbefore held that this court is without authority to subject the Powder Company to its jurisdiction, the only question remaining for determination is whether the Powder Company is an indispensable party to the bill. This question has been answered in the affirmative, not only by the Circuit Court of Appeals for this circuit in Eldred v. American Palace-Car Co., 105 Fed. 457, 44 C. C. A. 554, but also by the Supreme Court in Davenport v. Dows, 85 U. S. (18 Wall.) 626, 21 L. Ed. 938, and in Swan Land & Cattle Co. v. Frank, 148 U. S. 603, 13 Sup. Ct. 691, 37 L. Ed. 577. Consequently the motion to dismiss must also be granted.

A decree may be prepared and submitted.