## HODGMAN et al. v. ATLANTIC REFINING CO. et al.

### (District Court, D. Delaware.   May 20, 1921.)

### No. 423.

1. **Courts ⟨key⟩317—Defendant taking antagonistic position cannot be realigned for jurisdictional purposes.**

In an action in the federal District Court, brought under Judicial Code, § 24 (Comp. St. § 991), on the ground of diversity of citizenship, a defendant taking of record a position antagonistic to that of plaintiff may not for jurisdictional purposes be realigned or regarded otherwise than as a defendant.

2. **Courts ⟨key⟩308—For federal court to have jurisdiction on diversity of citizenship, each plaintiff must be competent to sue, and each defendant liable to be sued.**

To maintain an action in the federal District Court, under Judicial Code, § 24 (Comp. St. § 991), on the ground of diversity of citizenship, each plaintiff must be competent to sue, and each defendant liable to be sued.

3. **Courts ⟨key⟩270—Action between citizens of different states must be brought only in the district of the residence of either plaintiff or defendant.**

Under Judicial Code, § 51 (Comp. St. § 1033), where jurisdiction is founded only on the fact that the action is between citizens of different states, suit can be brought only in the district of residence of either the plaintiff or the defendant.

4. **Courts ⟨key⟩273—Shares of stock held "personal property" within district, so as to support jurisdiction.**

Under Judicial Code, § 57 (Comp. St. § 1039), providing that when, in any suit commenced in any District Court to enforce any lien or remove any incumbrance, etc., on the title to real or personal property, one or more of the defendants shall not be an inhabitant or found within the district, service may be had upon such nonresident without regard to the residence of plaintiffs, nonresidents of Delaware may maintain an action against a Delaware corporation and a Pennsylvania corporation not found within the district to compel the Pennsylvania corporation to restore to the Delaware company shares of stock fraudulently issued to it; the bill showing diversity of citizenship required by Judicial Code, § 24 (Comp. St. § 991), for shares of stock are by Rev. Code Del. 1915, §§ 1930, 1986, expressly declared to be "personal property."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Personal Property.]

5. **Courts ⟨key⟩263—Where federal court has jurisdiction of suit to compel restoration of shares of stock, demand for other relief will not divest jurisdiction.**

Where the federal District Court for Delaware had jurisdiction of a suit against a Delaware and Pennsylvania corporation to compel the Pennsylvania company to restore shares of stock claimed to have been fraudulently issued to it, the fact that the bill by nonresidents of Delaware sought other separable relief will not deprive the court of jurisdiction.

6. **Courts ⟨key⟩347—Bill violating the rules requiring conciseness will be dismissed, unless amended.**

A bill not complying with the rules as to conciseness, accuracy, and clearness (Equity Rule 25 [33 S. Ct. xxv]) will be dismissed, unless amended.

In Equity.   Bill by Marshall Hodgman and others against the Atlantic Refining Company and the Superior Oil Corporation.   Bill dismissed for prolixity, unless it be amended.

---

Herbert H. Ward, of Wilmington, Del., Arthur Berenson, of Boston, Mass., and Lawrence Berenson, of New York City, for plaintiffs.

Robert H. Richards, of Wilmington, Del., and Ira Jewell Williams, of Philadelphia, Pa., for defendant Atlantic Refining Co.

Richard S. Rodney, of Wilmington, Del., for defendant Superior Oil Corporation.

MORRIS, District Judge. This is a suit in equity instituted by shareholders of Superior Oil Corporation, organized under the laws of Delaware, and Atlantic Refining Company, a Pennsylvania corporation. The plaintiffs are residents of states other than Pennsylvania and Delaware. The bill of complaint alleges, in part, that 325,000 shares of the capital stock of the Delaware corporation were fraudulently and unlawfully issued by it to the Pennsylvania corporation, and that a certain contract entered into by and between the defendant corporations in June, 1920, was made in like manner. The relief sought is that the transactions by which the Pennsylvania company acquired the shares of stock in question be set aside; that the Pennsylvania company be required to restore the status quo of the Delaware company as of the time prior to the happening of those transactions; that an account of damages be taken; that the Pennsylvania corporation be required to repay to the Delaware corporation such damages together with all dividends collected by it upon the capital stock of the latter company; that the contract of June, 1920, be canceled, and an account be taken of the damages sustained by the Delaware company by reason of that contract; and that the Pennsylvania company be decreed to pay the same. Service was had upon the Delaware corporation and upon the person designated by the Pennsylvania corporation as its authorized Delaware agent for service of process. The latter company appeared specially and moved for an order setting aside the service, and for a decree dismissing the bill as to it, upon the ground that this court is without jurisdiction to entertain the suit, in that this district is not the district of the residence of either the plaintiffs or the Atlantic Refining Company. The Delaware corporation also filed a motion to dismiss the bill of complaint as to it, assigning 30 reasons therefor. The motion of the Pennsylvania company will be first considered.

[1, 2] The jurisdiction of this court is founded only on the fact that the suit is between citizens of different states. Judicial Code, § 24 (Comp. St. § 991). As both defendants are alleged to have engaged in the challenged transaction, and the Delaware corporation takes of record a position antagonistic to that of the plaintiffs, the latter company may not, for jurisdictional purposes, be realigned, or regarded otherwise than as a defendant. Venner v. Great Northern Railway, 209 U. S. 24, 28 Sup. Ct. 328, 52 L. Ed. 666. In any event, a realignment of the Delaware corporation would be of no avail, as the present plaintiffs do not reside in this district, and the act requires that each plaintiff must be competent to sue, and each defendant must be liable to be sued, or the jurisdiction cannot be entertained. Smith v. Lyon, 133 U. S. 315, 319, 10 Sup. Ct. 303, 33 L. Ed. 635.

[3] The Pennsylvania company having made timely objection, consequently, this court may not take cognizance of the suit, if it is affected by that portion of section 51 of the Judicial Code (Comp. St. § 1033), relied upon by the Pennsylvania company, providing that—

"Where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant." McNeely v. E. I. Du Pont de Nemours Powder Co. (D. C.) 263 Fed. 252.

[4] The plaintiffs, however, contend that the object of the suit is such as to leave it unaffected by the limitation of that clause, and to bring it within section 57 of the Judicial Code (Comp. St. § 1039). That section provides that—

"When in any suit commenced in any District Court of the United States to enforce any legal or equitable lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to real or personal property within the district where such suit is brought, one or more of the defendants therein shall not be an inhabitant of or found within the said district, or shall not voluntarily appear thereto," service may be had upon such nonresident or absent defendant without regard to the residence of the plaintiff.

The latter section necessarily implies that, even though jurisdiction be founded only on the fact that the suit is between citizens of different states, yet if the object of the suit brings it within the class described in this section the court of the district in which the suit is brought may entertain it, notwithstanding none of the parties thereto reside in such district. Kentucky Coal Lands Co. v. Mineral Development Co., 219 Fed. 45, 133 C. C. A. 151; Louis. & Nash. R. R. v. West Un. Tel. Co., 234 U. S. 369, 34 Sup. Ct. 810, 58 L. Ed. 1356. It is difficult to perceive any lack of applicability of section 57 to the present suit. The bill of complaint sets up the diversity of citizenship of the parties required by section 24 of the Judicial Code. That the shares of stock in issue are personal property, and are, for the purposes of this suit, within this district would seem to have been put beyond dispute by the Revised Code of Delaware of 1915. Section 1930 thereof provides:

"The shares of stock in every corporation shall be deemed personal property. * * *"

Section 1986 of that Code says:

"For all purposes of title, action, attachment, garnishment and jurisdiction of all courts held in this state, but not for the purposes of taxation, the situs of the ownership of the capital stock of all corporations existing under the laws of this state, whether organized under this chapter or otherwise, shall be regarded as in this state."

[5] The Pennsylvania company contends, however, that the objects of the suit are not restricted to those specified in section 57 of the Judicial Code, and that consequently that section will not justify retention of jurisdiction. Whether any decree entered in this cause would necessarily be restricted to adjudging the validity or invalidity of the issue of the stock in question, or whether it might also settle incidental matters connected therewith or flowing therefrom, need not now be determined; for, as I understand the bill of complaint, one of the

objects of the suit is to enforce a claim of the Delaware corporation (made by certain of its shareholders) to the shares of its stock now held by the Pennsylvania corporation, or to remove a cloud upon the former's title thereto. The fact that additional relief was sought by the complainant did not prevent the court in Jellenik v. Huron Copper Mining Co., 177 U. S. 1, 20 Sup. Ct. 559, 44 L. Ed. 647, from determining the rights of the parties in and to the shares of stock there in question. The additional relief sought in that case did not differ materially from the further relief prayed by the complainants in this case. In Kentucky Coal Lands Co. v. Mineral Development Co., 219 Fed. 45, 133 C. C. A. 151, it was held that the additional separable relief sought was not a bar to the court's entertaining a suit one of the objects of which came within the statute now known as section 57 of the Judicial Code. It follows, I think, that the motion of the Pennsylvania company must be denied.

[6] The reasons assigned by the Superior Oil Corporation in support of its motion to dismiss need not be considered seriatim for, in my opinion, the bill of complaint violates the rules of pleading requiring conciseness, accuracy, and clearness. Story's Eq. Pl. §§ 241, 454; Equity Rule 25, 33 Sup. Ct. xxv; Pittsburgh Water Heater Co. v. Beler Water H. Co. (D. C.) 222 Fed. 950; East India Company v. Henchman, 1 Ves. Jr. 287.

The bill will be dismissed for prolixity and uncertainty, unless within 20 days from the filing of this opinion it be amended.

