## BUSCH v. MARY A. RIDDLE CO. OF DELAWARE.

(District Court, D. Delaware. June 8, 1922.)

No. 413.

Corporations ⬷210—Corporation indispensable party to suit by stockholder on cause of action inhering in corporation.

To a suit by a stockholder on a cause of action inhering in the corporation the corporation is an indispensable party, and such suit cannot be maintained in a court which is without power to subject the corporation to its jurisdiction.

In Equity. Suit by Clarence M. Busch against the Mary A. Riddle Company of Delaware. On motion to dismiss bill. Granted.

John W. Huxley, Jr., of Wilmington, Del., and William R. Osborn, of New York City, for plaintiff.

Daniel O. Hastings, of Wilmington, Del., and Morris Wolf, of Philadelphia, Pa., for defendant.

MORRIS, District Judge. A motion to dismiss the amended bill of complaint of Clarence M. Busch, a citizen and resident of the state of Florida, against Mary A. Riddle Company of Delaware, has been made. As amended, the bill of complaint alleges, among other things, that the complainant is the owner of 250 shares of the capital stock of Mary A. Riddle Company of Pennsylvania; that the Pennsylvania company, in consideration of the issuance to it of the entire capital stock of the Delaware company, has transferred and conveyed all its assets, except a valuable parcel of real estate and a decree for the payment of $52,000, to the Delaware company; that after the consummation of that transaction the Pennsylvania company "offered" to its stockholders the capital

stock of the Delaware company, upon the condition that all their stock in the Pennsylvania company be surrendered to it for cancellation; and that, as an exchange of stock upon such terms would be a surrender of plaintiff's rights in the assets of the Pennsylvania company not transferred to the Delaware company, plaintiff declined to accept the offer. Plaintiff further alleges facts showing that William Riddle, president and director of both companies and owner of a majority of the capital stock of the Pennsylvania company, has managed and conducted the affairs of both companies for his own benefit and in fraud of the rights of those companies, of the complainant, and of others similarly situated.

The main relief sought is the appointment of a receiver to gather in and sell the property and assets of the defendant company and distribute the proceeds thereof among its creditors and stockholders, except that so much of the proceeds as may be found due to Riddle be withheld until final determination and collection of the amounts due by Riddle to the defendant. One of the grounds urged in support of the motion to dismiss is that the Pennsylvania corporation is an indispensable party, and that this court is without authority to subject that company to its jurisdicton herein. Both the Pennsylvania company and Riddle, as well as certain other officers and directors of the two companies, were made parties defendant to the original bill, but upon their application the bill was dismissed as to them, in that this is not the district of residence of either the plaintiff or them. McNeely v. E. I. Du Pont de Nemours Powder Co. (D. C.) 263 Fed. 252.

It has been held in numerous cases that, wherever the suit is in behalf of a corporation, the rights of the complaining stockholder being derivative, the corporation is an indispensable party. Davenport v. Dows, 85 U. S. (18 Wall.) 626, 21 L. Ed. 938; Eldred v. American Palace Car Co. (C. C. A. 3) 105 Fed. 457, 44 C. C. A. 554; 51 L. R. A. (N. S.) 123, note. In Kelly v. Thomas, 234 Pa. 419, 83 Atl. 307, 51 L. R. A. (N. S.) 122, it was held, not only that the corporation must be named as a defendant, but also that its presence in court by service or appearance was indispensable to the maintenance of the action. The only departure from this rule that I have found is in Holmes v. Camp, 180 App. Div. 409, 167 N. Y. Supp. 840, where it was held that, in view of the development of holding companies and to prevent a possible denial of justice, a stockholder of a holding company may maintain a representative action for and in behalf of the subsidiary company; the directors of both companies having refused after due request to institute an action in the name of either company.

But, in view of the decisions of the Supreme Court, of the Court of Appeals of this circuit, and the necessary implication of equity rule 27 (198 Fed. xxv, 115 C. C. A. xxv), I do not feel at liberty to follow this innovation, howsoever advantageous and necessary it may be to prevent a failure of justice. The right of a stockholder to sue in his own name in certain cases where the corporation is the proper party to bring the suit is well settled. Hawes v. Oakland, 104 U. S. 450, 26 L. Ed. 827; Equity Rule 27 (198 Fed. xxv, 115 C. C. A. xxv). Possibly a stockholder should, under certain restrictions, particularly in instances where the right to bring suit in the name of a stockholder is worthless, be per-

mitted to maintain such suits in the name of the corporation (whether that corporation be the one in which he is a stockholder or a subsidiary, mediate or immediate, thereof), for the law may not long permit directors guilty of fraud and breaches of trust to obtain immunity from suit by hiding behind a series of stockholding corporations, each organized under the laws of a different state. But the law in this country does not now recognize such a procedure.

The plaintiff urges that under the facts hereinbefore stated it is, at least in equity, a stockholder of the defendant Delaware company. With the possible exception of Holmes v. Camp, supra, I cannot find any support for this conclusion.

The remaining viewpoint from which the question presented by the motion to dismiss may be considered is whether the plaintiff has not, by reason of his ownership of shares in the Pennsylvania company, sufficient interest in the Delaware corporation to maintain a suit for the appointment of a receiver therefor; that is, whether the plaintiff has not a personal, rather than a representative, right or cause of action. This, I think, is completely met by the following language of Judge Lurton in McMullen v. Ritchie (C. C.) 64 Fed. 253, 262:

"The injury done by the defendants, if any, was done to the corporation. * * * The wrong, if actionable, was one to be remedied by an action by the corporation, or by a shareholder for the benefit of the corporation, upon the refusal of the corporation to sue. A stockholder cannot maintain a suit for the indirect injury done him as an indirect result of an injury to the corporation. This is too obvious to need elaboration."

For the foregoing reasons, I am of the opinion that the motion to dismiss must be granted.