KELLOGG SWITCHBOARD & SUPPLY CO. v. NEW YORK TELEPHONE CO. et al. (two cases).

Nos. 350, 351.

District Court, W. D. New York.

Feb. 13, 1931.

Williams, Bradbury, McCaleb & Hinkle, of Chicago, Ill., for plaintiff.

Charles Neave and William R. Ballard, both of New York City (Thomas R. Wheeler, of Buffalo, N. Y., of counsel), for defendants.

ADLER, District Judge.

This is a motion to dismiss the complaint because of failure to comply with Equity Rule 25.

The relevant provisions of Equity Rule 25 (28 USCA § 723) require that a bill in equity shall contain: "Third, a short and simple statement of the ultimate facts upon which the plaintiff asks relief omitting any mere statement of evidence."

Paragraph 13 of the complaint, after reciting that "plaintiff alleges, upon information and belief, that the defendant, American Telephone & Telegraph Company, has had full and complete knowledge and notice of the aforesaid patents Nos. 1,221,030, 1,-261,492, 1,283,400, 1,556,761 and 1,594,877, and the plaintiff's rights thereunder, and that defendant, New York Telephone Company is a subsidiary of the American Telephone & Telegraph Company and likewise has had full and complete knowledge and notice of the aforesaid patents Nos. 1,221,030, 1,261,-492, 1,283,400, 1,566,761 and 1,594,877, and the plaintiff's rights thereunder," continues with the allegation: "The above knowledge and notice comprised, in part, the following," etc.

The objectionable part of paragraph 13, as pointed out by the defendant, then consists of eight pages of matter setting forth in detail what such knowledge and notice consist of.

The new rule 25 was designed to simplify pleading in equity cases. This result would not be attained by permitting the plaintiff to set forth evidentiary matter. The plaintiff should be limited in this part of its complaint to a statement of the ultimate fact; that fact clearly is the matter of notice and not of the detailed statement of facts constituting the notice or knowledge.

In this circuit pleadings of this kind have been condemned in Bayley & Sons, Inc., v. Braunstein Bros. Co. (D. C.) 237 F. 671; Crim v. Rice et al. (C. C. A.) 232 F. 570; Davis et al., v. Motive Parts Corporation et al. (D. C.) 16 F.(2d) 148.

Other jurisdictions have taken the same view in Western Union Telegraph Co. v. Louisville & N. R. Co. (C. C. A.) 250 F. 199; Hodgman et al. v. Atlantic Refining Co. et al. (D. C.) 274 F. 104; Hoover Co. v. Sesquicentennial Exhibition Ass'n (D. C.) 26 F.(2d) 821.

In Universal Oil Products Co. v. Skelly Oil Co. (D. C.) 12 F.(2d) 271, 272, Judge Morris made this interesting observation: "Pleading conclusions of law, or, otherwise expressed, conclusions of mixed law and fact, would leave the minor premise of the pleader's syllogism wholly undefined, and furnish to the adversary no guide or information with respect to the facts by which the conclusion is to be supported. To pass to the other extreme and cover in the pleading the wide areas of circumstantial detail in which the case has its roots would make vague the major, as well as the minor, premise of the syllogism, and thus leave the conclusion wandering and uncertain. Plainly, therefore, the facts which must be alleged in order to obtain the benefit of a rule or principle of law are those—termed 'ultimate facts'—found in that vaguely defined field lying between the evidential facts on the one side and the primary issue or conclusion of law on the other."

Plaintiff seeks to justify its pleading on the ground that damages for the infringement of a patent may be in an amount above that found "by the verdict as the actual damages sustained according to the circumstances of the case not exceeding three times the amount of such verdict."

I cannot see the bearing of that section on the question here in issue. That relates merely to the matter of damages, and, if the plaintiff gets as far as an interlocutory decree herein, it would be entirely possible to show in the accounting proceeding such facts as would justify treble damages. The case of Foster v. Callaghan & Co. (D. C.) 248 F. 944, can readily be distinguished from the present pleading; and Pittsburgh Water Heater Co. v. Beler Water Heater Co. (D. C.) 222 F. 950, 953, decided shortly after the new rules went into effect, was in effect a statement that the aim of the rule (i. e., Equity Rule 25) is "brevity and simplicity of allegations in bills, and the profession should lend their aid to such end." Later authorities cited in this opinion, as I have indicated, take a stricter view of the rule.

In aid, therefore, of proper pleading as defined in the rule, the motion to dismiss the complaint is granted with leave, however, to the plaintiff to file within thirty days an amended complaint. Submit order on notice.

The motion to dismiss the bill of complaint in case No. 351, is, for the reasons set forth in the opinion accompanying the companion motion in equity No. 350, granted with leave to plaintiff within thirty days to file an amended complaint. Submit order on notice.