**MAYTAG CO. v. BROOKLYN EDISON CO., Inc.**

**No. 6888.**

District Court, E. D. New York.

June 15, 1933.

John F. Ryan, of New York City (Wallace R. Lane, of Chicago, Ill., of counsel), for plaintiff.

Pennie, Davis, Marvin & Edmonds, of New York City (Dean S. Edmonds, of New York City, of counsel), for defendant.

GALSTON, District Judge.

This is a motion for a bill of particulars in a patent infringement suit.

The first item calls for: "I. The full particulars of defendant's alleged collaboration with washing machine manufacturers and sellers in delaying and attempting to prevent the issuance of the patent in suit, as charged in paragraph II of the Bill of Complaint, giving the names of the washing machine manufacturers and sellers with whom defendant is alleged to have collaborated in such action, and the specific acts of alleged collaboration, and the times when, and the places where, and the persons by whom the said acts are alleged to have been committed."

Since at the trial of this suit the only issues to be determined are validity and infringement, the materiality of plaintiff's allegation may be doubted that "plaintiff is informed and believes that washing machine manufacturers and sellers, including this defendant, competing with plaintiff in the sale of washing machines utilizing the Snyder invention, collaborated in an attempt to prevent the issuance of the Snyder patent in suit, and thereby have prevented and delayed its earlier issuance."

If this allegation bears on the prayer for treble damages, see Kellogg Switchboard & Supply Co. v. New York Telephone Co. et al. (D. C.) 47 F.(2d) 616.

However, since the plaintiff has deemed it pertinent to its case, and since the defendant asserts that it has no knowledge of any of such acts of collaboration, although it might otherwise be presumed that such facts are peculiarly within the knowledge of the person seeking the information, nevertheless, in order adequately to prepare on this issue, the defendant should receive the data requested. So much seems to have been indicated in O-So-Ezy Mop Co. v. Channell Chemical Co. (D. C.) 230 F. 469; and McLeod Tire Corporation v. B. F. Goodrich Co. (D. C.) 268 F.

205. In this connection the defendant points out that the item does not seek the names of plaintiff's witnesses. It is difficult to see how, in the circumstances, the plaintiff will in any measure be prejudiced by making a disclosure of the information sought.

The second request listed in the bill of particulars presents a different question entirely. The item reads: "II. The full particulars of the invention by Howard F. Snyder of the alleged improvements described and claimed in the patent in suit, giving (a) the month and year of the conception thereof; (b) the exact date of the first drawing thereof; (c) the exact date of the first written description thereof; (d) the month and year of the first reduction to practice and operation thereof; (e) a specific description or drawing illustrating the construction of the machine, especially the relation between the agitator and the tub, alleged to constitute the said first reduction to practice, or to have been so used as to constitute the first reduction to practice; (f) a statement as to the shape of the tub of the machine alleged to constitute the first reduction to practice, and as to whether or not the interior walls of the said tub were free from obstructions, and if not, a specific description of any such obstructions; (g) whether or not the machine whose operation or use is alleged to constitute the said first reduction to practice is now in existence, and if so, where and when a representative of defendant may inspect the same; and (h) where and when a representative of defendant may inspect the first drawing referred to in section (b) hereof."

To order the plaintiff to furnish this information in the present state of the pleadings is not supported by any authority. The reason is obvious. The patent before the court is part of the bill of complaint. It discloses the invention, gives a description thereof, and asserts what is claimed as the invention. The plaintiff at this stage of the litigation should not be compelled to go beyond the prima facie inferences of validity and date of invention arising from the issuance of the patent. The situation, of course, changes under well-established practice, if the plaintiff should seek particulars concerning the alleged prior uses, instances of prior knowledge, prior patents, and publications set up in defendant's answer. In such event plaintiff would be required to give particulars of the kind demanded in this item II. A. B. Dick Co. v. Underwood Typewriter Co. (D. C.) 235 F. 300; Beacon Folding Machine Co. v. Rotary Machine Co. (D. C.) 23 F.(2d) 345.

Accordingly, the motion as to the first item is granted, and denied as to the second.

Settle order on notice.