## REMINGTON RAND, Inc., v. CONTROL INSTRUMENT CO., Inc.

Civ. No. 6586.

District Court, E. D. New York.

May 9, 1947.

Garey, Kissam & Garey, of New York City (John P. Boland, of New York City, of counsel), for plaintiff.

Good & Kent, of Brooklyn (John P. McGrath, of Brooklyn, James F. Dealy,

of New York City, and Reginald S. Hardy, of Brooklyn, of counsel), for defendant.

GALSTON, District Judge.

This is a motion for an order to require the defendant to produce documents, books, records and papers relating to an employment agreement made between the defendant and one Karl J. Braun. The defendant opposes, but raises objections only to items 4 to 8 of the motion. Those items generally relate to drawings, sketches and models of development made by Braun for the defendant, and all records or other writings received by the defendant from Braun, and to others with respect to the developments contained in paragraph 10 of the complaint; also to all letters patent or applications for letters patent executed by Braun and in the custody of the defendant, and all assignments thereof.

From the complaint it appears that Braun had been in the employ of the plaintiff and had executed what is known as an inventor's agreement; that under the terms of his employment Braun was to be in contact with and to be given access to development of processes and machines owned and possessed by the plaintiff, including such machines or equipment as hand punchers, card cutting machines, card sorting machines, card feeding devices, and tabulating and counting machines. It is alleged that Braun agreed that any developments or inventions of his relating to such processes or machines during the period of his employment by the plaintiff, and for one year subsequent, at the termination of such employment should become the property of the plaintiff. His written contract remained in force and effect to November 30, 1943, and had been extended orally for a period of three years from December 1, 1943. The complaint alleges that at that time, on or about December 1, 1943, the defendant, with knowledge of the facts, induced Braun to break his contract with the plaintiff and to accept employment with the defendant, and that during the period of his employment by the defendant, Braun, with the knowledge that he had acquired of the plaintiff's business, developed equipment of the same nature as that manufactured by the plaintiff; that the machines produced by Braun were based upon inventions owned and possessed by the plaintiff, to which Braun had access during the period of his employment. Supporting the motion papers is an affidavit by J. A. W. Simpson, Secretary of the plaintiff, which in effect restates the allegations of the complaint with added detail. The plaintiff, therefore, seeks a decree directing the defendant to deliver the equipment designed by Braun during the course of his employment by the defendant, and to restrain defendant from manufacturing any of such machines or inventions. The answer denies the allegations of the complaint while admitting that during the course of his employment by the defendant Braun developed a key-punch, a card cutting machine, a card sorting machine, and a card feeding device, for which applications for letters patent were duly filed; and that Braun also developed a tabulating machine.

The affidavit of John J. Hyland, President of the defendant, discloses that Braun, during the fall of 1943, after he had resigned from the plaintiff, had conferences with officials of the defendant, and on November 6, 1943 was engaged to begin work, on December 1, 1943, for the defendant. He entered the employ of the defendant on that date and worked for the company during most of the month of December, 1943. However, he was unable to secure his release from the plaintiff, and his employment by the defendant was terminated on December 30, 1943. For two months thereafter he remained unemployed, but re-entered the employ of the defendant on March 1, 1944 and continued thereafter in the capacity of a design and development engineer until September 7, 1945. He then opened an office as a consulting engineer in association with one Leonard J. Angus and Edward Braun, who are said to be former employees of the plaintiff and of the defendant, but a few weeks thereafter Braun re-entered the employ of the plaintiff, as did Edward Braun, and Angus became associated with it in the capacity of a consultant. Of the applications that were filed for letters patent while Braun was working for Control Instrument Company, letters patent were granted for the card punching machine and for the card feeding

device, and, of course, since the date of issue have been open to the public. The other two applications, one for a card cutting machine, application filed January 5, 1945, and another for the same sort of machine, filed November 25, 1944, are pending in the Patent Office. For the improvement in a tabulating machine, and a type bar to be used in connection therewith, Braun refused to execute applications for letters patent, and an action was instituted by the defendant in the Supreme Court of the State of New York, County of Kings, to compel him to execute such applications, and to assign them and the inventions to Control Instrument Company. As a result of that action, Braun executed applications for letters patent, and assignments thereof, which were filed in the United States Patent Office on February 27, 1947. The Hyland affidavit recites that in respect to the aforesaid four pending applications, they cover novel features unknown in the tabulating machine art, and are secret and confidential developments. The defendant asserts that to require it to make their contents known at this time, particularly to a prospective competitor, would be to imperil the interest of the defendant.

From the foregoing recital it appears that the parties to this litigation are engaged in similar lines of development and manufacture, and it would seem to be inequitable, certainly in the present state of the pleadings, to permit the plaintiff to obtain a disclosure of the confidential matters relating to the four pending applications for letters patent. In this connection one must note in passing that defendant denies that it had enticed Braun to violate any contract with the plaintiff, and also that the defendant had at any time knowingly appropriated any confidential information concerning the devices or inventions of the plaintiff. It is significant too that Braun, who filed these applications concerning which information is now sought by the plaintiff, is in the employ of the plaintiff, and has been in its employ, so the opposing affidavit recites, since some time in the latter part of 1945.

It may well be that such improvements as Braun devised, and which are covered in the pending applications controlled by the defendant, resulted from the confidential knowledge that he obtained while in the employ of the plaintiff. It may well be that he wrongfully disclosed such knowledge to the defendant. But if such are the facts it would seem that the plaintiff would be able to embody in its complaint the knowledge or information which Braun acquired while in plaintiff's employ, and thus meet the offer of the defendant. Certainly plaintiff nowhere asserts, either in the complaint or in the supporting affidavit, what particular confidential matter Braun availed himself of. The utmost relief that plaintiff is entitled to in the circumstances is that afforded by Rule 30 (b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The parties "shall simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court".

The motion is granted as to the items consented to by the defendant, 1 to 3 inclusive, and 9 to 17 inclusive; it is denied as to item 8, relating to cost production records, and granted as to items 4 to 7 inclusive under the limitations, as indicated, of Rule 30 (b) of the federal rules of practice. See also Claude Neon Lights, Inc., v. E. Machlett & Son, D. C., 31 F.2d 983; Lever Bros. Co. v. Proctor & Gamble Mfg. Co., D. C., 38 F.Supp. 680; and Maytag Co. v. Brooklyn Edison Co., Inc., D. C., 3 F.Supp. 742, 743.

Settle order on notice.