EBLING v. EBLING.

1. SETTING ASIDE INSTRUMENTS—DEEDS—CONSIDERATION, FAILURE OF—EVIDENCE OF ORAL CONTRACT—MODIFYING DEED.

Where defendant and her deceased husband executed a contract in writing to provide support and care to his parents, and in consideration thereof the parents executed a deed of an eighty-acre farm to the son and wife, who failed to carry out the arrangement, and defendant's evidence tended to show an oral agreement to apply the proceeds of certain real estate which complainant purposed to sell towards the construction of a house on the farm, the decree of the circuit court finding against the alleged oral contract was justified: proof of the subsequent oral contract was inadmissible to modify the written instrument; and if it was not intended to change the contract, defendant's failure to perform and breach of the agreement to provide support was without justification.

2. SAME—EQUITY—DECREE.

Held, also, that the decree of the circuit judge based on improvements to the farm less its rental value and the value of certain personal property used by defendant and her deceased husband, and allowance for support to complainants, etc., was justified.

Appeal from Newaygo; Cogger, J. Submitted October 14, 1913. (Docket No. 59.) Decided September 30, 1913.

Bill by Henry Ebling against Clara Ebling to set aside and cancel a deed for failure of consideration and breach of conditions contained in the instrument. From a decree for complainant, but granting a lien on the land in defendant's favor, defendant appeals. Affirmed.

*George Luton,* for complainant.

*Hatch, McAllister & Raymond,* for defendant.

BIRD, J.  By reason of age and growing infirmity, the complainant, Henry Ebling, in April, 1907, conveyed to his son, Anthony, and his wife, Clara, the farm of 80 acres upon which he lived in Newaygo county, in consideration of care and support for himself and wife during the remainder of their lives.  At the time of the conveyance, complainant was 73 years of age and his wife 57.  There was a small incumbrance of $250 on the farm, which was assumed by the grantees.  The son and his wife moved onto the farm and worked it for three years.  They moved away from it in April, 1910, and thereafter refused to pay the taxes and interest on the mortgage or to furnish complainant and his wife care and support.  Soon after moving away from the premises Anthony died. This bill was filed by complainant to have the deed vacated and set aside on the ground of failure to comply with the terms of the contract.  The contest is between the old people and the son's widow.  Considerable testimony was taken upon the hearing, bearing upon the cause of the son's leaving and also as to the value of the farm when he went into possession and when he went away.  The chancellor made a decree setting aside the deed, and upon balancing the equities found the sum of $267 due the defendant, and made it payable on or before nine months from the death of complainant and his wife, or either of them, and further provided that the same should be a lien on the premises.  From this decree the widow has appealed.

There seems to be little question but that the terms of the agreement to support the old people and pay the taxes and mortgage were violated by the defendants in leaving the farm.  It is practically agreed by both parties that the cause of the trouble which finally terminated in the son's removing from the place was the refusal of the complainant and his wife to apply the proceeds of the sale of certain real estate owned

by them in the village of Newaygo toward the con-
struction of a new house on the farm. The defend-
ant attempts to justify their leaving on this ground,
and the controversies which grew out of it. The com-
plainant and his wife insist that they made no such
agreement. It is the claim of the defendant that the
complainant and his wife made this promise before
they moved onto the farm, and, after making a sale
of their property, they refused to carry it out.

The record has failed to convince us that such an
agreement was made, but if it were made, as defend-
ant insists, proof of it could not be admitted and used
to modify the original contract, because that contract
was in writing and must be conclusively presumed to
contain the entire agreement of the parties.

If it were a subsequent oral agreement, with no
intent to modify the original agreement, the refusal
of the complainant and his wife to carry it out would
not furnish a legal excuse for the failure of defend-
ants to carry out the prior independent written con-
tract.

The dwelling house which was erected by the son
was left in an unfinished state and cost about $1,500,
according to the contention of defendant. Towards
its construction, complainant and his wife contributed
$230 in cash and 8,000 or 9,000 feet of lumber. They
retained some of the proceeds of the real estate be-
cause, as they stated, their daughter ought to have
some of the property.

The trial court found that the defendants had vio-
lated their agreement in going away from the place
and refusing to comply with its terms, and he decreed
a reconveyance of the premises and charged defend-
ant with the rental value thereof for a period of three
years, together with the value of certain personal
property which was on the farm when they took
possession. Also the money contributed by complain-
ant and his wife. As against this the court credited

her with the care and support of the old people, the taxes, two years' interest paid on the mortgage, and also the increased value of the premises by reason of the erection of the dwelling house thereon. This resulted in a balance in defendant's favor of $247, which is made a lien upon the premises.

Much complaint is made by defendant of the small amount found her due upon the accounting. We have examined with care the separate items allowed each of the parties and are satisfied that the trial court reached a very equitable solution of the whole controversy. We think there is no occasion to go into detail with the separate items making up the accounts.

The decree of the trial court will be affirmed, with costs of this court to complainant.

STEERE, C. J., and MOORE, MCALVAY, BROOKE, KUHN, STONE, and OSTRANDER, JJ., concurred.