LOUIS KOPPELON, RESPONDENT, v. W. M. RITTER FLOORING CORPORATION, APPELLANT.

Submitted December 5, 1921—Decided March 6, 1922.

1. Under rule 26 of the Practice act of 1912 (now rule No. 40 of the Supreme Court) questions of law on the pleadings, formerly raised by general demurrer, may be raised in the answering pleadings, and may be disposed of at the trial. And a Circuit Court judge, to whom a Supreme Court issue has been referred for trial, as authorized by chapter 118 of *Pamph. L.* 1906, *p.* 209, has power, at the trial, to strike out a "defence" on the ground that it discloses no defence when the objection is raised by the plaintiff's answering pleading.

2. The mere fact that the credit of a party to a building contract (to whom by the terms of the contract labor and materials are to be furnished) has become impaired, so that he is no longer a good credit risk, and that he has failed to meet other independent obligations, does not relieve the other party from performance, and *is no defence to an action for the breach of such contract, for it* does not appear therefrom that he cannot and will not perform his part when his time for performance comes.

3. The mere insolvency of a party to a building contract (to whom by the terms of the contract labor and materials are to be furnished) does not terminate the contract, in the absence of provisions to that effect therein, nor does it justify the other party in refusing altogether to perform, for it does not follow therefrom that the insolvent party could not and would not perform his part even though insolvent.

---

On appeal from the Supreme Court.

For the appellant, *Wolber & Gilhooly.*

For the respondent, *Kanter & Kanter.*

The opinion of the court was delivered by

TRENCHARD, J.    This action was tried at the Essex Circuit and resulted in a verdict for the plaintiff, and the defendant appealed from the consequent judgment.

We are of the opinion that the judgment must be affirmed.

The action was a Supreme Court issue, and had been referred by a justice of that court to the Circuit Court judge for trial.   At the trial the judge struck out the "second separate defence" upon the ground that it did not constitute a defence to the cause of action stated in the complaint, that point having been made in the plaintiff's answering pleading.

The first contention of the defendant is that the Circuit Court judge had no power to strike out the defence.

We think he had.   It is true that prior to the enactment of the Practice act of 1912 (*Pamph. L., p.* 377) a Circuit judge had no such power.   *Dayton* v. *Boettner,* 82 *N. J. L.* 421; *Hubbard* v. *Montross Shingle Co.,* 79 *Id.* 208.

But the legislature, by rule 26 of the Practice act of 1912 (now rule No. 40 of the Supreme Court), authorized the procedure followed by the court and counsel in the present case.

That rule reads: "Demurrers are abolished.   Any pleading may be struck out on motion on the ground that it discloses no cause of action, defence or counter-claim respectively.   The order made upon such motion is appealable after final judgment.   In lieu of a motion to strike out, *the same objection, and any point of law* [other than a question of pleading or practice] *may be raised in the answering pleadings, and may be disposed of at or after the trial;* but the court, on motion of either party, may determine the question so raised before trial, and if the decision be decisive of the whole case, the court may give judgment for the successful party or make such order as may be just."

Under that rule it is quite plain that questions of law on the pleadings, formerly raised by general demurrer, may be

raised in the answering pleadings, and may be disposed of at the trial.

Of course, for present purposes, that rule must be considered and construed in the light of the provisions of chapter 118 of *Pamph. L.* 1906, *p.* 209, authorizing the trial of Supreme Court issues "by a judge of the Circuit Court to whom the same may be referred by the justice of the Supreme Court holding the circuit," and providing that "in relation to the trial of such issues the said judge shall have the same powers as a justice of the Supreme Court."

So considered it is certain that a Circuit Court judge, to whom a Supreme Court issue has been referred for trial, as authorized by the act of 1906, has power, at the trial, to strike out a "defence" on the ground that it discloses no defence when (as here) the objection is raised by the plaintiff's answering pleading.

Such was rightly assumed to be the rule in *Savage* v. *Public Service Railway Co.,* 95 *N. J. L.* 432, although the question was not there argued nor decided.

We come now to the question of the legal sufficiency of the "defence" which was stricken out.

The complaint averred that the plaintiff was building an apartment-house in East Orange; that the defendant contracted to furnish the labor and materials necessary to lay, scrape and finish the floors for a stated price to be paid in stated installments as the work progressed; that when the time arrived for the defendant to begin performance, the plaintiff requested performance, but the defendant stated to the plaintiff that it, the defendant, refused, and thereafter would refuse, to perform the contract; and that the defendant has wholly repudiated and refused to perform the contract.

The defendant's answer in the "second separate defence" averred that since the execution of the contract the credit of the plaintiff had become impaired, so he was no longer a good credit risk, and that he had failed to meet other obligations between him and the defendant, and that by reason

of the plaintiff's poor financial condition the defendant was warranted in not performing the terms of the contract.

At the trial the plaintiff moved to strike out that "defence" on the ground that it disclosed no defence, and the motion was granted with permission, however, to the defendant to amend the answer. This the defendant did by adding to the above-stated "second separate defence" the averment that the plaintiff, when the time for the defendant to perform arrived, "was in fact insolvent." This defence, also, the trial judge struck out.

Now, excepting the question raised as to the power of the trial judge, which we have disposed of, the only questions raised on this appeal are, first, did the trial judge err in striking out the original "second separate defence," and secondly, did he err in striking out that defence as amended?

We think both questions must be answered in the negative.

The original "second separate defence" disclosed no defence to the cause of action stated in the complaint.

The fact that the credit of a party to a building contract (to whom by the terms of the contract labor and material are to be furnished) has become impaired, so that he is no longer a good credit risk, and that he has failed to meet other independent obligations, does not relieve the other party from performance, and is no defence to an action for the breach of such contract, for it does not appear therefrom that he cannot and will not perform his part when his time for performance comes.

It has been held that mere doubts of the solvency of a party to a contract, or mere belief that he will be unable to perform when the time for his performance comes, will not excuse performance by the other party. *Jewitt Publishing Co.* v. *Butler,* 159 *Mass.* 517; 34 *N. E. Rep.* 1087; *Coonan* v. *Cape Girardeau,* 149 *Mo. App.* 609; 129 *S. W. Rep.* 745; *Gooch* v. *Coleman (N. M.),* 159 *Pac. Rep.* 945. If contracts could be repudiated upon the mere allegation that the credit of the other party had become impaired, there would indeed be much consternation in the business world, for contracts are

made in view of the fact that credit fluctuates, and it is common knowledge that contracts are frequently fully performed by those whose credit has become impaired.

It has also been held that the mere failure of a party to a contract to perform an independent contract will not excuse performance by the other party. *Ebling* v. *Ebling,* 176 *Mich.* 602; 142 *N. W. Rep.* 1066. To adopt any other rule would result in the admission of so much extraneous matter as to make trials a hopeless procedure. It would involve in the trial of a single action evidence concerning every other contract between the same parties, to determine whether there was performance, or perchance cancellation, or rescission, or satisfaction, or a counter-claim, in order to determine whether there was, as a matter of fact, a breach of other obligations of the plaintiff.

It is also clear that the "second separate defence" as amended discloses no defence to the action.

It sets forth the same matters contained in the original defence and adds that, when the time for the defendant to perform arrived, the plaintiff was in fact insolvent, and avers that by reason thereof "the defendant was warranted in not performing the terms of the said contract."

But we think that the mere insolvency of a party to a building contract (to whom by the terms of the contract labor and materials are to be furnished) does not terminate the contract, in the absence of provisions to that effect therein, nor does it justify the other party in refusing altogether to perform, for it does not follow therefrom that the insolvent party could not and would not perform his part even though insolvent. *Florence Mining Co.* v. *Brown,* 124 *U. S.* 385. It might well be that the insolvent party might find it advantageous and possible to carry out his part of the contract, since insolvency does not necessarily mean a total lack of assets. To hold that mere insolvency of a party puts an end to a contract, and excuses the solvent party from the obligation altogether, would be intolerable. If the mere fact of insolvency terminates a contract every insolvent contrac-

tor would automatically be shorn of all property rights and beneficial interests in contracts. Of course, this cannot be.

In the present case we are not concerned with the effect of an "adjudication" in bankruptcy, as illustrated in *Central Trust Co.* v. *Chicago Auditorium Association*, 240 *U. S.* 581, because the defendant expressly disclaimed any purpose to prove any *adjudication* of insolvency or bankruptcy in either the federal or state courts. We remark, however, that the Central Trust Company case does not hold that bankruptcy terminates contracts, nor that the co-contractor of an insolvent debtor is justified in breaching the contract.

The defendant cites *Morgan* v. *Bain, L. R.,* 10 *C. P.* 15; *Ex parte Chalmers, L. R.,* 8 *Ch. App. Cas.* 289, and *Bloomer* v. *Bernstein, L. R.,* 9 *C. P.* 588. But these cases are not in point, for in all of them the decision, upon analysis, will be found to rest upon *mutual* abandonment of the contract, while in the instant case the plaintiff throughout insisted upon performance. They all, however, expressly or by implication, recognize that mere insolvency does not put an end to the contract.

The defendant, however, contends that it was relieved of its obligation to do the work and furnish the materials "upon credit" when the plaintiff had become insolvent and that it could "only be obliged to proceed with its contract in case payment is assured it in cash by some satisfactory indemnity," and refers us to cases said to support that proposition.

But that question is not presented in the case at bar and will not be considered. Neither the defendant's pleading, as originally stated, nor as amended, raises that question, because it does not assert that defendant's refusal to proceed was due either to plaintiff's failure to pay in advance or to plaintiff's refusal to give assurance of payment, the pleader merely attempting to justify defendant's failure to proceed because of plaintiff's alleged poor financial condition and insolvency when the time arrived for defendant to begin performance.

The judgment will be affirmed, with costs.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ.    16.

*For reversal*— None.