LUCKING et al. v. DELANO, Comptroller of Currency, et al.

No. 9048.

Circuit Court of Appeals, Sixth Circuit.

June 6, 1942.

William Alfred Lucking and Lucking, Van Auken & Sprague, all of Detroit, Mich., for appellants.

Frank E. Wood, of Cincinnati, Ohio (Robert S. Marx, of Cincinnati, Ohio, Carl Runge and Frank Wiseman, both of Detroit, Mich., and Nichols, Wood, Marx & Ginter, of Cincinnati, Ohio, on the brief), for appellees.

Before HICKS, ALLEN, and MARTIN Circuit Judges.

ALLEN, Circuit Judge.

This appeal attacks an order of the District Court dismissing appellants' complaint upon the ground that the facts therein set

forth are not sufficient to justify the relief sought, or any other relief in favor of the appellants. The complaint was filed on behalf of the stockholders of First National Bank-Detroit, a national banking corporation which ceased normal banking operation on February 11, 1933, and is in process of liquidation by a receiver appointed by the Comptroller of the Currency. Appellants, as holders of stock in the Detroit Bankers Company, a holding company which held substantially all the stock of First National Bank-Detroit, are members of the class which has been declared to be the actual and beneficial owner of the capital stock of First National Bank-Detroit, and hence subject to an assessment of one hundred per cent upon such shares. Barbour v. Thomas, 6 Cir., 86 F.2d 510, certiorari denied 300 U.S. 670, 57 S.Ct. 513, 81 L.Ed. 877. The interrelationship of the holding company with various other important Michigan banks has been fully described in that case and in Ullrich v. Thomas, 6 Cir., 86 F.2d 678, certiorari denied 301 U.S. 692, 57 S.Ct. 794, 81 L. Ed. 1348, and needs no further elaboration.

Appellants' complaint sought to set aside a contract of settlement entered into by a receiver appointed for the Detroit Bankers Company in a state court proceeding, and the receiver of First National Bank-Detroit, and to have the court determine the value of all assets received by First National Bank-Detroit thereunder and credit such recoveries upon the assessment liability of the shareholders of the Detroit Bankers Company, whether paid or unpaid. In the alternative it prayed for an adjudication that the settlement had the effect of extinguishing the right of appellee receiver to collect further assessments from stockholders of the Detroit Bankers Company.

The contract was executed after extended negotiations, with the approval of the Comptroller of the Currency and upon an order of the District Court granting the receiver's petition for authority to enter into the compromise. The principal provisions are as follows:

(1) A suit which involved a disputed liability of $8,000,000, filed by the receiver of the Detroit Bankers Company against First National Bank-Detroit, was to be dismissed with prejudice.

(2) Bankruptcy proceedings filed by the receiver of First National Bank-Detroit against the Detroit Bankers Company were to be dismissed.

(3) The receiver of the Detroit Bankers Company was to transfer and deliver to the receiver of First National Bank-Detroit, "as custodian," all shares of First National Bank-Detroit stock held by it, aggregating 249,987.

(4) A claim of approximately $4,000,000, consisting principally of a direct liability of the Detroit Bankers Company to First National Bank-Detroit on five promissory notes executed in January, 1933, was to be filed in the state court receivership and a five per cent dividend amounting to $200,-365.70 was to be forthwith paid thereon. Assets Realization Company, a subsidiary of the Detroit Bankers Company, also indebted to First National Bank-Detroit, in conjunction with the Detroit Bankers Company was to assign unconditionally to the receiver of First National Bank-Detroit all title and interest in certain collateral security and non-book assets having an appraised value of approximately $950,000.

(5) Certain payments were to be accepted in full settlement of assessment liability which the receiver was asserting against the First National Company, another subsidiary of the Detroit Bankers Company, on the basis of its ownership of Detroit Bankers Company stock. Cf. Barbour v. Thomas, supra. Similar stock assessment claims against Assets Realization Company were also released. The compromise satisfaction of claims against these subsidiaries included disposition of their deposit accounts and their interests in collateral held by First National Bank-Detroit.

We think that the order must be affirmed. Appellants claim that the receiver of First National Bank-Detroit became the actual owner of the shares in First National Bank-Detroit under the terms of the settlement, and thereby assumed and became subject to the assessment liability attaching to such shares, and that the receiver's right to collect further assessments was extinguished. This claim ignores the terms of settlement, the record facts, and the applicable law. The agreement expressly stated that the receiver took the shares as "custodian for the shareholders of the Detroit Bankers Company." The Comptroller authorized the receiver to take the shares as custodian upon the theory that "in the event the creditors should be paid in full and any surplus remained for the benefit of such

shareholders" they would be entitled to share in the distribution thereof. Under Title 12, U.S.C., § 64, 12 U.S.C.A. § 64, stockholders of record at the time of the insolvency of the bank are liable for the assessment. Scott v. Deweese, 181 U.S. 202, 21 S.Ct. 585, 45 L.Ed. 822. A stockholder cannot escape his individual liability by rescinding his purchase of stock, Salter v. Williams, D.C.N.J., 219 F. 1017, nor by his refusal to receive a new stock certificate when the capital stock of the bank is reduced. Schechter v. Sherwin, 7 Cir., 81 F.2d 603. The receiver of First National Bank-Detroit received these shares as custodian five years after the insolvency of the bank, and this could not affect the liability of those, including appellants, who were the true owners at the time of suspension of business.

Under the decision in Barbour v. Thomas, supra, appellants were the real and beneficial owners of the stock, as such liable for the assessment, and a transfer by the holding company could not wipe out that liability. The decision in Backus v. Connolly, 268 Mich. 495, 256 N.W. 496, in no way conflicts with this holding, for that case did not decide that the assessment under the federal statute was not enforceable against the stockholders as real or actual owners of the bank stock. That question was not in issue in the Michigan case. Cf. Barbour v. Thomas, supra, 86 F.2d at page 517.

The claim that the avails of the settlement should have been and are now to be applied to the stock assessment is equally lacking in merit. If the debtor had not acquiesced in the application of the settlement payment in the manner specified in the contract, the creditor was free to direct the application to be made. Van Sceiver v. King, 176 Mich. 604, 605, 142 N. W. 1069; Reconstruction Finance Corp. v. McCormick, 7 Cir., 102 F.2d 305, certiorari denied Bele v. Reconstruction Finance Corp., 308 U.S. 558, 60 S.Ct. 90, 84 L.Ed. 469. The amount recovered under the settlement was definitely allocated by the contract to be applied to specific debts of the Detroit Bankers Company and its subsidiaries, and this allocation was confirmed by order of the District Court.

It is not necessary to discuss all of the questions raised by appellants. Suffice it to say that this suit is an attempt to defeat by collateral attack the collection of an assessment in every respect valid and binding. This cannot be done. Church v. Hubbard, 6 Cir., 91 F.2d 406.

The order is affirmed.