### LUCKING et al. v. FIRST NAT. BANK–DETROIT et al.

#### No. 9649.

Circuit Court of Appeals, Sixth Circuit.

April 21, 1944.

William Alfred Lucking, of Detroit, Mich., for appellants.

Frank E. Wood, of Cincinnati, Ohio (Frank E. Wood and Robert S. Marx, both of Cincinnati, Ohio, Carl Runge and Lawrence I. Levi, both of Detroit, Mich., and Nichols, Wood, Marx & Ginter, of Cincinnati, Ohio, on the brief), for appellee First Nat. Bank-Detroit.

William B. Cudlip, T. Donald Wade, and Dickinson, Wright, Davis, McKean & Cudlip, all of Detroit, Mich., for appellee National Bank of Detroit.

Before HICKS, ALLEN, and HAMILTON, Circuit Judges.

## PER CURIAM.

The appellants filed a class suit in the state court on behalf of general depositors, creditors and stockholders against the First National Bank-Detroit, an insolvent bank, and the solvent National Bank of Detroit. The case was removed to the District Court, and appellants filed a motion to remand the case to the state court upon the ground that it presented a controversy not removable under the federal statutes. The motion to remand was denied and the class suit was dismissed.

The complaint is substantially identical with complaints heretofore filed by the same appellants in Lucking v. Delano, 6 Cir., 117 F.2d 159, and Lucking v. Delano, 6 Cir., 129 F.2d 281, 283. In the first case this court held that the appellants had failed to show that they had exhausted every remedy within the corporation before suing on causes of action which in the first instance should be asserted by the receiver. In the second case it was held among other things that the appellants were without capacity to bring such a class action since they were unable to show any unreasonable refusal on the part of the receiver to comply with their request. The appellants attempted to change the forum of the controversy and to avoid the effect of these decisions by stating in their present bill of complaint that they ask no relief under any federal statute; that their claims and rights of action are based upon the laws of the State of Michigan, and that no relief is asked against the appellee First National Bank-Detroit or any of its agents. In so doing they rely upon Gully v. First National Bank in Meridian, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70, in which the Supreme Court reversed the Circuit Court

of Appeals for holding that the suit arose under the laws of the United States, and that the federal court had jurisdiction, when the appellant had injected no federal question into the case.

■ We think the Gully case has no application here. It arose out of an individual action and not one belonging to an insolvent national bank. The action here is pleaded as a class action, and as such is brought on behalf of the First National Bank-Detroit, the essential party in interest. City of Davenport v. Dows, 18 Wall. 626, 21 L.Ed. 938; Hawes v. Oakland, 104 U.S. 450, 26 L.Ed. 827; Isaac v. Marcus, 258 N.Y. 257, 179 N.E. 487. It grows out of the sale on April 12, 1933, of the assets of the insolvent national bank. A judgment in favor of the appellants will run in favor of the corporation and will increase the assets available for the depositors, creditors and stockholders. Hence it is an action for winding up the affairs of an insolvent bank, as such within the jurisdiction of the District Court, Title 28, U.S.C., § 41(16), 28 U.S.C.A. § 41(16), and included in the category of civil actions removable to the federal court. Title 28, U.S.C., §§ 41(16) and 71, 28 U.S.C.A. §§ 41(16), 71; Toledo Fence & Post Co. v. Lyons, 6 Cir., 290 F. 637, 642; Dinan v. First National Bank of Detroit, 6 Cir., 117 F.2d 459; International Trust Co. v. Weeks, 203 U.S. 364, 366, 27 S.Ct. 69, 51 L.Ed. 224. This case, like the Dinan case, is distinguished from Connolly v. First National Bank-Detroit, 6 Cir., 86 F.2d 683, in that it presents not a mere suit by a common creditor for a money judgment, but an action based upon transactions accruing subsequent to insolvency, including alleged violations of fiduciary duty by the receiver.

■ Appellants attempted to dismiss the appellee First National Bank-Detroit without prejudice, but were not successful, for in a class action there can be no dismissal without the approval of the court. Section 23(c), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Moreover, we question whether the plaintiff in a class suit filed on behalf of a corporation can dismiss from the litigation the corporation, the real party in interest, and be permitted to continue with the case. City of Davenport v. Dows, supra.

The complaint sets out no material allegations to differentiate this action from

those presented in the preceding cases, and the application of the rules there announced dispose of the instant controversy.

The order of the District Court denying the motion to remand and dismissing the complaint is affirmed.