Robert SEIFFER et al., Plaintiffs,

v.

TOPSY'S INTERNATIONAL, INC., et al., Defendants.

BEAR, STEARNS & CO., et al., Defendants and Third-Party Plaintiffs,

v.

TOUCHE ROSS & CO. et al., Third-Party Defendants.

G. WALKER & COMPANY, Defendant and Third-Party Plaintiff,

v.

G. Kenneth BAUM et al., Third-Party Defendants.

BEAR, STEARNS & CO., et al., Defendants and Third-Party Plaintiffs,

v.

Jerome F. TEGELER et al., Third-Party Defendants.

BEAR, STEARNS & CO., et al., Defendants and Third-Party Plaintiffs,

v.

BRYAN, CAVE, McPHEETERS & McROBERTS, et al., Third-Party Defendants.

TOPSY'S INTERNATIONAL, INC., et al., Defendants and Third-Party Plaintiffs,

v.

BRYAN, CAVE, McPHEETERS & McROBERTS, et al., Third-Party Defendants.

Civ. A. No. KC–3435.

United States District Court, D. Kansas.

Sept. 20, 1978.

lard L. Phillips and John J. Jurcyk, Jr., McAnany, Van Cleave & Phillips, Kansas City, Kan., for defendants Bear, Stearns & Co., William Blair & Co., H. O. Peet & Co., Inc., First of Michigan Corp., Johnson, Lane, Space, Smith & Co., Inc., Stephens, Inc., Stifel Nicolaus & Co., Inc., B. C. Christopher & Co., Piper, Jaffray & Hopwood, Inc. (successor to Ebin, Robertson & Co., Inc.), Hallowell, Sulzberger, Jenks & Co., J. N. Russell, Inc., Hugh Johnson & Co., Inc., Mark Henry & Co., Zuckerman, Smith & Co., Kohlmeyer & Co., Scherck, Stein & Franc, Inc. and Norris & Hirshberg, Inc.

Martin M. Green, Anderson, Green, Fortus & Lander, Clayton, Mo., for defendant I. M. Simon & Co.

Elsie K. DeVan, Corporate Secretary, for defendant Disbro & Co.

William H. Sanders and Edward Matheny, Jr., Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, Mo., Leonard O. Thomas, Weeks, Thomas, Lysaught, Bingham & Johnston, Kansas City, Kan., for defendant G. H. Walker & Co.

Oppenheimer, Wolff, Foster, Shepard & Donnelly, St. Paul, Minn., N. Jack Brown, Boddington, Brown & Unverferth, Kansas City, Kan., for defendant Marvin L. Tucker, Adm. of the Estate of N. J. Sharlip, deceased, Ralph J. Tucker, George H. Charno, Jr., Signey L. Willens, James P. Jouras and Marvin L. Tucker, d/b/a Tucker, Charno, Willens, Jouras & Tucker, a professional corporation.

William G. Levi and George W. Winger, Smith, Schwegler, Swartzman & Winger, Kansas City, Mo., Robert P. Anderson and Keith Martin, Payne & Jones, Olathe, Kan., Francis J. Higgins, Bell, Boyd, Lloyd, Haddad & Burns, Chicago, Ill., for defendant John D. Crouch, Thomas H. Devine, Jerry B. Jackson, Loren G. Hoffman, Carl Lipoff, Mary J. McCann, Rodney T. Minkin, Robert J. Petsche, Ben Ruben, and others, d/b/a Touche Ross & Co.

Frank Cicero, Jr., and Tefft W. Smith, Kirkland & Ellis, Chicago, Ill., Blake A. Williamson and Donald A. Hardy, Williamson, Cubbison & Hardy, Kansas City, Kan.,

Barton P. Cohen, Cohen & Cohen, Overland Park, Kan., Robert C. Gordon, Rich, Granoff & Gordon, Thomas W. Van Dyke, Linde, Thomson, Van Dyke, Fairchild & Langworthy, Sheridan Morgan, Donald H. Loudon, Kansas City, Mo., for all plaintiffs.

Charles S. Schnider, Schnider, Shamberg & May, Mission, Kan., Harry P. Thomson, Jr., William B. Prugh, Dennis Palmer and Robert R. Raymond, Shughart, Thomson & Kilroy, Kansas City, Mo., for defendants Topsy's Intern., Inc., Jerry D. Berger, James T. House and Harry Nuell.

Martin J. Purcell, John R. Gibson and John R. Bancroft, Morrison, Hecker, Cozad, Morrison & Curtis, Kansas City, Mo., Wil-

for third party defendant G. Kenneth Baum.

David R. Hardy, Gene E. Voights and Leo P. Dreyer, Shook, Hardy & Bacon, Kansas City, Mo., George A. Lowe, Olathe, Kan., for third party defendants Robert H. McRoberts, Thomas S. McPheeters, Jr., William H. Charles, Arthur B. Shepley, Jr., Marion S. Francis, William C. Connett, IV, Thomas V. Connelly, Veryl L. Riddle, Robert G. Brady, George S. Hecker, Robert H. McRoberts, Jr., William D. Crampton, Robert L. Sweney, John J. Goebel, William M. Van Cleave, Edwin S. Taylor, Jerome M. Rubenstein, Joseph F. Mueller, George V. Meisel, I. Jack Lerner, Harold G. Blatt, C. Perry Bascom, Paul P. Weil, Thomas C. Walsh, and Frederick W. Scherrer, d/b/a Bryan, Cave, McPheeters & McRoberts.

J. Willard Haynes, Kansas City, Kan., and John Calvert, Kansas City, Mo., for third party defendant Dempsey-Tegeler & Co., Inc.

Joseph J. Kelly, Jr., Spencer, Fane, Britt & Browne, Kansas City, Mo., and Ernest N. Yarnevich, Kansas City, Kan., for third party defendants Jerome F. Tegeler, John C. Hecht, Lewis J. Whitney, and Albert F. Gummersbach.

## MEMORANDUM AND ORDER

O'CONNOR, District Judge.

This is a class action brought under Section 17(a) of the Securities Act of 1933 and pursuant to Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5 promulgated thereunder. The case is now before the court for approval of a settlement agreement between plaintiffs and defendant Tucker, Charno and allowance of attorneys' fees to plaintiffs' counsel. A hearing on these matters was held on September 6, 1978. Having carefully considered the statements of counsel made at that hearing and the memoranda submitted, the court makes the following findings and orders.

On March 5, 1976, the court entered an order approving a similar settlement agreement with defendants Topsy's International, Inc., Berger, House, and Nuell. *Seiffer et al. v. Topsy's International, Inc.*, 70 F.R.D. 622 (D.Kan.1976). In considering the settlement agreement and application for attorneys' fees now before us, we will apply the principles and standards set forth in that earlier memorandum and order.

The statement of plaintiffs' counsel in support of the proposed settlement with Tucker, Charno contains a history of Tucker, Charno's presence in this action and of the settlement negotiations. Counsel for both plaintiffs and Tucker, Charno recounted the course of negotiation at the hearing also. Aside from noting that the history evidences intensive arms-length negotiations, we believe there is no need to discuss the events leading up to the settlement agreement. A summary of the terms of the settlement agreement is, however, in order.

Tucker, Charno has agreed to pay $1,100,000.00, court costs incurred to date in the amount of $12,460.96, and all notice costs. The funds were deposited on September 5, 1978, in Columbia Union National Bank and Trust Company, and the class will be entitled to any interest earned upon approval of the settlement. Distribution of the funds will be made after approval of the settlement and a final judgment of dismissal with prejudice on the claims asserted against Tucker, Charno has been entered.

Plaintiffs, on behalf of the class, have agreed to indemnify and hold harmless Tucker, Charno against any loss occasioned by a judgment in favor of defendant Touche Ross & Co., or its partners, against Tucker, Charno arising out of a recovery judgment or settlement obtained by plaintiffs against Touche. In addition, Tucker, Charno has stipulated that plaintiffs' complaint was timely filed as to Tucker, Charno and that the cause of action is not barred by the statute of limitations.

Because this is a class action brought pursuant to Federal Rule of Civil Procedure 23(b)(3), the court must first determine whether the notice to the class was adequate or was, in the words of Rule 23(c)(2), "the best notice practicable under the circumstances, including individual no-

tice to all members who can be identified through reasonable effort." *See* Rule 23(e), and *Eisen v. Carlisle & Jacquelin et al.*, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974).

On July 12, 1978, the court entered an order regarding notice to the class of the proposed settlement. Plaintiffs' attorneys were directed to carry out the notice program. A Notice of Hearing to Approve Proposed Settlement of Class Action with Tucker, Charno was attached to the order. The hearing, to determine whether the proposed settlement should be approved as fair and adequate and to consider an award for attorneys' fees, was scheduled for September 6, 1978. Plaintiffs' attorneys were directed to cause a copy of the notice to be mailed, by July 28, 1978, to each person who had filed a claim which had not been disallowed. Because plaintiffs' attorneys had made substantial efforts to locate all members of the class and to establish the validity and amount of the claims of the class members, publication of the notice was not required. Members of the class were to be given until August 25, 1978, to file any objections to the proposed settlement or the application for attorneys' fees. The notice attached to the order and mailed on July 28, 1978, summarized the history of the litigation, the composition of the class, and the terms of the settlement agreement. It, however, omitted mention of the indemnity provision. Defendant Touche Ross objected to the omission of the indemnification provision, and plaintiffs' counsel advised the court of Touche Ross' position. A supplemental notice was approved by the court and mailed on August 14, 1978. This supplemental notice, subsequently gave rise to a formal objection by Touche Ross which will be considered below. Plaintiffs' attorneys reported that 177 of the notices mailed to members of the class were returned. Out of those, 116 persons have since been located, leaving 61 claimants not notified. These constitute three percent of the total, but the claims of these persons represent a smaller percentage of the total claims. A continuous effort is being made to locate these claimants. They are scattered throughout the country making publication in three or four newspapers unproductive. No class members have registered any objection. The court finds that the mechanics of notice were adequate. The question remains whether the substance of the notices—the contents of the notice and supplemental notice—was adequate.

As we indicated above, defendant Touche Ross filed a motion for leave to file an objection to the settlement agreement. It argued that the notice relating to the indemnification provision was totally inadequate. It further claimed that the provision of the agreement containing a stipulation that the action is not barred by the statute of limitation was unnecessary and was inappropriate to the extent that such a stipulation, if approved, would be binding on Touche Ross. While we do not believe that Touche Ross has standing to raise the objection and thus adhere firmly to our earlier ruling in *Seiffer, supra,* at 627 n. 5, 628 n. 6 that only class members have standing to object, we nevertheless will consider the merits of Touche Ross' arguments.

The section of the (supplemental) notice found objectionable by Touche Ross reads as follows:

> "[P]laintiffs agree to indemnify the settling defendants against any loss resulting from a judgment by defendant Touche Ross & Co., or its individual partners, against the settling defendants, to the extent that any such judgment is based upon any recovery obtained by plaintiffs from Touche Ross & Co. or its individual partners."

Touche Ross argues that the use of the term "plaintiffs" could give class members the impression that the indemnity obligation is upon only the named plaintiffs rather than upon the class and is, thus, misleading.

In *Grunin v. International House of Pancakes*, 513 F.2d 114 (8th Cir.), *cert. denied,* 423 U.S. 864, 96 S.Ct. 124, 46 L.Ed.2d 93 (1975), the court was faced with a similar objection to a class action notice and stated:

"As a general rule, the contents of a settlement notice must 'fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with [the] proceedings.'" *Id.* at 122, citing *Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corp.*, 323 F.Supp. 364, 378 (E.D. Pa.1970), aff'd sub nom., *Ace Heating & Plumbing Co. v. Crane Co.*, 453 F.2d 30 (3rd Cir. 1971).

The *Grunin* court noted that "[c]lass members are not expected to rely upon the notices as a complete source of settlement information" and that "[a]ny ambiguities regarding the substantive aspects of the settlement could be cleared up by obtaining a copy of the agreement . . . ." *Grunin, supra*, at 122. Both the initial notice and the supplemental notice directed class members' attention to the settlement agreement on file with the Clerk of the Court. The agreement itself clearly defines "plaintiffs" to mean members of the plaintiff class. We adopt the reasoning of the *Grunin* court and hold that the notice given was the best notice practicable under the circumstances and was proper in all respects.

In considering whether or not the settlement should be approved, we remain fully cognizant that we are not to substitute our own business judgment for that of counsel in the absence of evidence of fraud or overreaching. Approval is to be given if the settlement is fair, reasonable, and adequate. *See Seiffer, supra*, at 626–27. In evaluating the proposed settlement we have considered several factors to be of paramount importance: (1) the strength of plaintiffs' case on the merits, balanced against the amount offered in the settlement; (2) the defendant's ability to pay; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement. *See Manual for Complex Litigation* § 1.46.

Both plaintiffs and Tucker, Charno recognize that, as with most litigation, the eventual outcome of this action is uncertain. There are a number of complex legal issues still undetermined in the case, including Tucker, Charno's statute of limitations defense.

Claims filed total approximately $6,780,000, exclusive of approximately $2,880,000 interest. A substantial settlement with defendants Topsy's, Berger, House, and Nuell, and settlements with some underwriters, preceded this proposed agreement. Plaintiffs emphasize that this is only a partial settlement, leaving a substantial defendant, Touche Ross, in the case. Tucker, Charno notes that many of the legal issues between plaintiffs and Tucker, Charno also exist between plaintiffs and Touche Ross; that since plaintiffs may still recover against Touche Ross, the present proposal constitutes a "hedge;" and that if any of the legal issues are resolved in plaintiffs' favor, they will still be able to recover additional sums from Touche Ross. On the other hand, if the issues are decided against plaintiffs, the settlement will constitute a recovery for plaintiffs that they would not have been able to obtain otherwise.

The collectability of a judgment against Tucker, Charno was a serious concern to plaintiffs' counsel. Tucker, Charno's insurance carrier had filed a declaratory judgment action asserting the fraud exclusion in its policies. This clearly presented a problem since a strong case for plaintiffs in this litigation lessened their chances of reaching Tucker, Charno's insurance. Further, plaintiffs' counsel doubted the availability of substantial assets to satisfy any judgment other than the insurance in question.

The complexity and expense of this litigation are attested to by the sheer size of the court file (including over 1450 separate documents) and the data presented in the present and prior applications for attorneys' fees. While we cannot say that the settlement with Tucker, Charno will make remaining litigation uncomplicated, it should simplify it somewhat and make it less expensive to some degree.

Finally, there has been no opposition to the proposed settlement from members of the class. Touche Ross raised objections to the notice regarding the indemnity provi-

sion and to the provision stipulating that the action was not barred by the statute of limitations. We considered the objection to notice of the indemnity provision earlier in this opinion. While there has been no objection to the substance of the indemnity provision, we think it appropriate to examine it more fully here. The provision would come into play only if plaintiffs should recover against Touche Ross, by judgment or settlement, and Touche Ross in turn obtained a judgment against Tucker, Charno, which was predicated on the recovery by plaintiffs against Touche Ross. Both plaintiffs and Tucker, Charno believe there is no significant risk of recovery by Touche Ross against Tucker, Charno on the basis of indemnification. There is the possibility that Touche Ross may have a claim for contribution against Tucker, Charno. *See, e. g., de Haas v. Empire Petroleum Co.*, 286 F.Supp. 809 (D.Colo.1968), *aff'd in part and vacated in part*, 435 F.2d 1223 (10th Cir. 1970). Plaintiffs' counsel have considered the approaches taken to contribution by various courts and believe that any contribution by Tucker, Charno would not have a materially adverse effect on the plaintiff class. Mindful of our somewhat limited role in approving settlement agreements, we find that the indemnity provision presents no bar to approval of the settlement agreement.

Touche Ross' objection to the stipulation by Tucker, Charno that plaintiffs' action was timely filed does not go to the issue of the adequacy of the settlement for the plaintiff class, but rather to Touche Ross' own interests. Touche Ross fears that approval of this settlement by the court will effectively bind Touche Ross and undermine its pending motion for summary judgment based on the statute of limitations. Our primary concern in examining the settlement agreement is protection of the plaintiff class, not the protection of a nonsettling defendant. Nevertheless, we fail to discern how the stipulation would bind Touche Ross who is not a party to the agreement. We deem Touche Ross' fears to be groundless.

After having fully considered the statements of counsel in their memoranda and at the settlement hearing, we conclude, on balance, that the settlement between plaintiffs and defendant Tucker, Charno is fair, reasonable and adequate. The joint motion of these parties will, therefore be sustained.

We must next consider the two applications for attorneys' fees that have been filed with the court. We note, initially, that we are concerned with compensating counsel for benefits that have accrued to the class through the efforts of its attorneys. Ideally, we should be faced with a single joint application for fees and expenses from all counsel who have aided the class, accompanied by supporting affidavits in which each attorney attests to his own contribution and that of other participating attorneys. Our task is made more difficult by the separate applications which have been presented here.

In our memorandum and order entered pursuant to the earlier settlement agreement in this case, we discussed at length the principles that must guide us in evaluating applications for attorneys' fees. While we see no need to repeat that discussion in full, we note that the court considered, there and here, the amount of time spent by the attorneys, the value of the time and effort expended, the quality of the services performed, and the contingent nature of success.

The joint application of Mr. Van Dyke, Mr. Gordon, and Mr. Rich requests attorneys' fees of $366,650.00. Mr. Van Dyke's affidavit shows expenses incurred since January 25, 1976, of $11,212.74. The joint application of Mr. Loudon and Mr. Morgan requests $9,402.65, including $56.40 of expenses. The settlement notice which was sent to all class members states:

"While attorneys for plaintiffs and the class intend to submit applications for fees covering all work to date, they will ask the court for approval of only a partial payment not in excess of $376,000 from the proceeds of the pending settlement. In addition, the applications will seek reimbursement of expenses of approximately $11,250."

No class member has either filed or otherwise raised any objection to these applications.

Having considered the application of Messers. Van Dyke, Gordon, and Rich, their affidavits, the time records submitted for *in camera* inspection, and the statements of Mr. Van Dyke at the hearing, and being familiar with the complexity of this case, the extensive legal work that has been done, and the consistently high professional quality of the services rendered to the class by these attorneys, we conclude that this application should be approved. At this time, we decline to adopt the multiplier system to calculate attorneys' fees that was used in *In re Equity Funding Corporation of America Securities Litigation*, 438 F.Supp. 1303 (C.D.Cal.1977) and reserve the question for future consideration.

As we noted above, the application filed by Mr. Morgan and Mr. Loudon requests fees and expenses of $9,402.65. Original time records were submitted for *in camera* inspection. Inspection of these records, consideration of the application, and statements at the hearing by Mr. Loudon and Mr. Van Dyke have led us to conclude that the amount cannot be sustained. For fees to be awarded, not only must there exist a benefit to the class, but the benefit must be reasonably related to the efforts of the attorneys seeking the fee award. *See* R. Mowrey, "Attorneys Fees in Securities Class Action and Derivative Suits," 3 J.Corp.L. 267, 278 (1978). The court is concerned with services rendered to the class, not services provided to individual members. The contribution of Messers. Loudon and Morgan to the class's benefit appears minimal. Accordingly, the court finds that the sum of $1,000.00, plus $56.40 expenses is reasonable to compensate them for these services that may possibly have inured to the benefit of the class.

IT IS THEREFORE ORDERED that the settlement agreement between plaintiffs and the class and Tucker, Charno be and hereby is approved and that the applications for attorneys' fees and expenses be and hereby are approved in the amounts stated above. The settlement funds having been deposited in the Columbia Union National Bank and Trust Company, Kansas City, Missouri, counsel for plaintiffs and the class shall file with the court an acknowledgement of settlement, and a motion to dismiss the complaint, as amended, against Tucker, Charno. Plaintiffs' complaint, will then be dismissed with prejudice as to defendant Tucker, Charno. The order of dismissal will show that court costs in the amount of $12,460.96 are to be paid by defendant Tucker, Charno. Plaintiffs and plaintiffs' counsel are authorized and directed to execute covenants not to sue on behalf of themselves and members of the class. Upon the dismissal of defendant Tucker, Charno, counsel for plaintiffs and the class are authorized to disburse the settlement funds as approved herein for the allowance of attorneys' fees and expenses. After said disbursement, counsel for plaintiffs and the class shall distribute the remaining funds on a pro rata basis to claimants previously approved by the court.