634 F.2d 1148
 In re ALLEGHANY CORPORATION, a corporation; Alleghany-IDS
Corporation, a corporation; John J. Burns, Jr.; Allan P.
Kirby, Jr.; F. M. Kirby; D. P. Boothe, Jr.; Charles R. Orem;
Stuart F. Silloway; Paul Woodberry; and Salomon Brothers, a
partnership, Petitioners.
 No. 80-1428.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 10, 1980.
Decided Dec. 3, 1980.
 
 Peter Dorsey, argued, Harold D. Field, Jr., argued, Charles A. Mays, Kenneth H. Prochnow, Leonard, Street & Deinard, Minneapolis, Minn., for petitioners Alleghany Corp., Alleghany-IDS Corp., John J. Burns, Jr., Allan P. Kirby, Jr. and F. M. Kirby.
 Cochrane & Bresnahan by John A. Cochrane, argued, Mary F. Seymour, St. Paul, Minn., and Dean Carlton, argued, The Carlton Firm, Dallas, Tex., for respondents-plaintiffs.
 Before ROSS, Circuit Judge, GIBSON, Senior Circuit Judge, and STEPHENSON, Circuit Judge.
 GIBSON, Senior Circuit Judge.
 
 
 1
 The defendants in this securities lawsuit involving the 1979 merger of Alleghany Corporation and Investors Diversified Services, Inc. (IDS) petition this court for a writ of mandamus directing District Court Judge Miles W. Lord[1] to vacate his orders providing for plaintiff class certification and class notice and to enter an order denying class certification. We deny the petition.
 
 I.
 
 2
 On June 5, 1979, a number of former shareholders of IDS filed a class action suit challenging the merger. The complaint named as defendants Alleghany, inside directors of both Alleghany and IDS, Salomon Brothers, and the former outside directors of IDS, among whom were included a committee which had considered the terms, fairness, and advisability of Alleghany's merger proposal. These outside directors endorsed the merger. On June 28, 1979, these outside directors and one other outside director obtained the services of a St. Paul law firm in which Judge Lord's son-in-law is a partner, to represent them in the class action proceeding.
 
 
 3
 On June 28, 1979, after service of the complaint on the outside directors but prior to answer, the plaintiffs dismissed without prejudice the outside directors who endorsed the merger. On July 18, the other outside director was also dismissed. At this time no notice was given to the purported class of the dismissals.
 
 
 4
 On October 12, 1979, the plaintiffs moved for class certification. On February 12, 1980, Judge Lord certified the class and approved, nunc pro tunc, the dismissals of the outside directors. On April 24, 1980, a hearing was held to consider the form of notice to be given to members of the class concerning the dismissals. On May 21, 1980, the District Court ordered that the following notice be given:
 
 
 5
 Curtis D. Buford, E. N. Funkhauser, Jr., E. Douglas Kenna, Edward F. McGinley, Jr., and Arthur R. Taylor, former unaffiliated directors of pre-merger IDS, were originally named as defendants in this action. They have been dismissed by the plaintiffs from this litigation and are not parties at this time. The legal effect of the dismissals is the same as if these five directors had not been joined as defendants in the original Complaint.
 
 
 6
 The defendants informed the District Court that they were going to seek a writ of mandamus on the class certification and notice issues. The District Court thereupon stayed the May 21 notice order. The defendants then filed a petition for writ of mandamus.
 
 II.
 
 7
 The defendants contend that Judge Lord violated Federal Rule of Civil Procedure 23(e) in granting the dismissal of the outside directors without providing notice of the proposed dismissals to the members of the class. Therefore, the defendants argue, Judge Lord committed a clear abuse of judicial discretion, amounting to a usurpation of power, by certifying the class and ordering the above notice after the fact. We disagree and find that mandamus should not issue unless it is shown that the trial judge clearly acted beyond his power given any reasonable interpretation of Rule 23(e).
 
 
 8
 In Coopers & Lybrand v. Livesay, 437 U.S. 463, 470, 98 S.Ct. 2454, 2459, 57 L.Ed.2d 351 (1978), the Supreme Court held that orders relating to class certification are not independently appealable under 28 U.S.C. § 1291 (1976) prior to judgment. The finality requirement in section 1291 "prevents the debilitating effect on judicial administration caused by piecemeal appellate disposition of what is, in practical consequence, but a single controversy." Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 170, 94 S.Ct. 2140, 2149, 40 L.Ed.2d 732 (1974). Thus, the defendants in this case may not appeal the certification of the plaintiff class pursuant to section 1291. The defendants, however, could have requested the District Court to certify its order for interlocutory review under 28 U.S.C. § 1292(b) (1976). See Coopers & Lybrand v. Livesay, supra, 437 U.S. at 466, 474, 98 S.Ct. at 2456, 2461. They chose not to do so. Instead, they seek review by way of mandamus.
 
 
 9
 A writ of mandamus will be issued only in extraordinary situations. See Allied Chemical Corp. v. Daiflon, Inc., --- U.S. ----, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). It is "in the interest of the fair and prompt administration of justice to discourage piecemeal litigation." Kerr v. United States District Court, 426 U.S. 394, 403, 96 S.Ct. 2119, 2124, 48 L.Ed.2d 725 (1976). The legislative policies of section 1291 finality would be defeated if mandamus were issued in anything less than an extraordinary situation. See id. The petitioner has the burden of demonstrating that his right to issuance of the writ is "clear and indisputable." Id.; Bankers Life & Casualty Co. v. Holland, 346 U.S. 379, 384, 74 S.Ct. 145, 148, 98 L.Ed. 106 (1953). And "it is important to remember that issuance of the writ is in large part a matter of discretion with the court to which the petition is addressed. Schlagenhauf v. Holder, 379 U.S. 104, 112 n.8, 85 S.Ct. 234, 239 n.8, 13 L.Ed.2d 152 (1964);" Kerr v. United States District Court, supra, 426 U.S. at 403, 96 S.Ct. at 2124.
 
 
 10
 The guidelines for issuance of the writ of mandamus were given by the Supreme Court in Will v. United States, 389 U.S. 90, 95, 88 S.Ct. 269, 273, 19 L.Ed.2d 305 (1967):
 
 
 11
 The peremptory writ of mandamus has traditionally been used in the federal courts only "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Roche v. Evaporated Milk Assn., 319 U.S. 21, 26 (63 S.Ct. 938, 941, 87 L.Ed. 1185) (1943). While the courts have never confined themselves to an arbitrary and technical definition of "jurisdiction," it is clear that only exceptional circumstances amounting to a judicial "usurpation of power" will justify the invocation of this extraordinary remedy. De Beers Consol. Mines, Ltd. v. United States, 325 U.S. 212, 217 (65 S.Ct. 1130, 1132, 89 L.Ed. 1566) (1945).
 
 
 12
 The issue presented for this court is whether Judge Lord clearly and indisputably acted beyond his power in certifying and notifying the class in this case, given any reasonable interpretation of Rule 23(e). The issue is not whether the District Court correctly determined the issue of law concerning the proper application of Rule 23(e). For if we applied this as the governing criterion, "then every interlocutory order which is wrong might be reviewed under the All Writs Act." Bankers Life & Casualty Co. v. Holland, supra, 346 U.S. at 383, 74 S.Ct. at 148.
 
 III.
 
 13
 Federal Rule of Civil Procedure 23(e) provides:
 
 
 14
 (e) Dismissal or Compromise. A class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs.
 
 
 15
 In this case, the entire class action was not dismissed or compromised. The plaintiffs dismissed the complaint without prejudice against only the outside directors. Furthermore, Judge Lord subsequently approved the dismissal, nunc pro tunc, and ordered that a notice be sent to the plaintiff class members.
 
 
 16
 The applicability of Rule 23(e) to partial dismissals without prejudice is open to question. The defendants rely on dicta in a case wherein the United States Court of Appeals for the Sixth Circuit questioned whether under former Rule 23(c), the forerunner of Rule 23(e), a party who was the real party in interest could be dismissed without the approval of the court. Lucking v. First National Bank-Detroit, 142 F.2d 528, 529 (6th Cir.), cert. denied, 323 U.S. 740, 65 S.Ct. 61, 89 L.Ed. 593 (1944). Lucking was concerned with circumstances different from those present in this petition for mandamus. No reported decision directly supports the defendants' contention that Rule 23(e) applies to voluntary dismissals without prejudice when fewer than all of the defendants are involved.[2]
 
 
 17
 An argument may be made that the trial judge has discretionary authority to grant the partial dismissal without prejudice. Rule 23(d)(5) provides: "In the conduct of actions to which this rule applies, the court may make appropriate orders: * * * (5) dealing with similar procedural matters." Arguably, this rule grants discretion in the trial court to approve of the dismissals nunc pro tunc without prior notice to the class. No clear abuse of discretion or usurpation of judicial power has been shown by the defendants.[3]
 
 
 18
 Mandamus is not to be used as a substitute for interlocutory appeal of district court orders in complex civil cases. The proper course for review of the District Court's class action certification order was to request a section 1292(b) certificate of interlocutory review from the District Court. This procedure was not followed. Mandamus is an improper vehicle to obtain review of the class action certification in the original proceeding.
 
 
 19
 Petition denied.
 
 
 20
 ROSS, Circuit Judge, concurring.
 
 
 21
 I agree that the writ of mandamus should be denied in this case for the procedural reasons stated by Judge Gibson. In my opinion, however, the substantive questions of the form of notice which was approved by the district court on May 21, 1980, and the failure to give any prior notice in granting the dismissal of outside directors, have not been answered by our opinion and may be raised in any post trial appeal on the merits.
 
 
 22
 I particularly believe that a serious mistake has been made by the trial court as to each of these questions and therefore point out that this court has reserved the right to examine these issues in a subsequent appeal on the merits. As Judge Gibson points out on page 1150: "The issue (we decide) is not whether the District Court correctly determined the issue of law concerning the proper application of Rule 23(e)."
 
 
 23
 There can be little question that one or both sides of this litigation have engaged in a classic case of "judge shopping." In my opinion, when this became fairly obvious, Judge Lord should have recused himself.[1]
 
 
 
 [1]
 United States District Court for the District of Minnesota
 
 
 [2]
 Petitioner also cites an old Rule 23(c) case which involved a stipulation between the parties that had the effect of a dismissal with prejudice of one of the defendants, see Phelan v. Middle States Oil Corp., 210 F.2d 360, 364 (2d Cir. 1954), and an obscure one-page decision from the United States District Court for the Southern District of New York involving an attempt to defeat removal into federal court by dismissing the removing defendant, see Robbins v. Sperry Corp., 1 F.R.D. 220, 3 Fed.R.Serv. 285 (S.D.N.Y.1940). Since neither case apparently involved a dismissal without prejudice, we find them to be inapposite to the present case
 
 
 [3]
 If the remaining defendants feel they are actually prejudiced by the voluntary dismissals without prejudice of the outside directors, the defendants should be able to implead the dismissed defendants back into the litigation. See Fed.R.Civ.P. 14 and 22
 
 
 [1]
 It is particularly bothersome that Judge Lord approved nunc pro tunc the June 28, 1979 dismissal of the four defendants on February 12, 1980, after the four defendants had retained the services of the law firm in which Judge Lord's son-in-law is a partner