**Robert C. HICKERSON, etc., Plaintiff,**

v.

**VELSICOL CHEMICAL CORPORA-TION, a Delaware corporation, et al., Defendants.**

**No. 81 C 2543.**

United States District Court, N.D. Illinois, E.D.

May 27, 1988.
As Amended July 5, 1988.

William J. Harte, Robert Plotkin, John G. Jacobs, Susan R. Haerr, Plotkin & Jacobs, Ltd., Chicago, Ill., for plaintiff.

Glen H. Kanwit, Henry deVos Lawrie, Jr., David O. Toolan, Hopkins & Sutter, Paul J. Cherner, Paul E. Bateman, Sachnoff Weaver & Rubenstein, Chicago, Ill., for defendants.

**ORDER**

WILLIAM T. HART, District Judge.

This is a class action concerning a profit-sharing plan converted to a defined-benefit pension plan. A class composed of approximately 560 participants has previously been certified. Summary judgment in favor of

plaintiff was previously granted and the parties stipulated as to the amount of damages. The Seventh Circuit, however, reversed that judgment. *Hickerson v. Velsicol Chemical Corp.*, 778 F.2d 365 (7th Cir. 1985), *cert. denied*, 479 U.S. 815, 107 S.Ct. 70, 93 L.Ed.2d 28 (1986). The key issue that remains after remand is the question of whether the 5% return paid under the pension plan represented a reasonable return. While the appeal was pending and after the remand Velsicol sold its various divisions. Defendant Sandoz Crop Protection Corp.[1] purchased one of those divisions employing approximately 110 class members. It has been represented to this court that Sandoz, since purchasing the division of Velsicol, has credited to its former Velsicol employees the full return on their funds. In a proposed agreed order of dismissal, Sandoz agrees to continue this practice. Plaintiffs and Sandoz have moved for approval of this order, also arguing that notification of Sandoz's dismissal need not be sent to class members.

Fed.R.Civ.P. 23(e) provides:

A class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs.

Plaintiffs argue only that notice is not required; it is conceded that court approval is necessary.

Plaintiffs rely on *Glidden v. Chromalloy American Corp.*, 808 F.2d 621, 627 (7th Cir.1986). Following *Simer v. Rios*, 661 F.2d 655, 665–66 (7th Cir.1981), *cert. denied*, 456 U.S. 917, 102 S.Ct. 1773, 72 L.Ed.2d 177 (1982), *Glidden* reiterates the rule that putative class members need not always be notified of a settlement. Those cases, however, are distinguished from the present case.[2] Those cases involved putative classes, not a certified class as in the present case. Since no class had been certified in those cases, any dismissal would not have a res judicata effect as to the absent putative class members. *Simer*, 661 F.2d at 664–65; *Gomez v. Illinois State Board of Education*, 811 F.2d 1030, 1034 n. 1 (7th Cir.1987). In the present case, dismissal of Sandoz would have a res judicata effect as to all class members. Due process, as well as Rule 23(e), always requires that absent members of a certified class be notified of proposed settlements. *Simer*, 661 F.2d at 664. *See also Pettway v. American Cast Iron Pipe Co.*, 576 F.2d 1157, 1219 (5th Cir.1978), *cert. denied*, 439 U.S. 1115, 99 S.Ct. 1020, 59 L.Ed.2d 74 (1979); *Sertic v. Cuyahoga, Lake, Geauga & Ashtabula Counties Carpenters District Council*, 459 F.2d 579, 581 (6th Cir. 1972); *Bronson v. Board of Education of*

1. Although the parties filed a stipulated motion to substitute Sandoz Crop Protection for Sandoz, Ltd., no order was entered by this court. The court now grants that motion.

2. The parties indicated in court that no notice to the class was required and in the brief in favor of the motion plaintiffs' counsel cited one case, not directly on point, in favor of that assertion. In his motion to amend, plaintiffs' counsel has cited treatises and cases to support his view that notice to the class is not always required. Most of the citations are readily distinguishable because they involve putative classes or are situations where there would be no prejudicial effect on the absent class members. Also, one of the treatises cites a Seventh Circuit case for the proposition that notice to absent class members is mandatory. *See* C.A. Wright, A. Miller, M.K. Kane, *Federal Practice & Procedure* § 1797 at 365 n. 48 (2d ed. 1986) (citing *Simer v. Rios*, 661 F.2d 655 (7th Cir.1981), *cert. denied*, 456 U.S. 917, 102 S.Ct. 1773, 72 L.Ed.2d 177 (1982)). However, it still appears possible to make a

nonfrivolous argument that under special circumstances notice, even after certification, will not be required. The original brief, however, made no such argument and neither does the motion to amend. Also, the original brief gave no indication of the precedents to the contrary and the limited nature of precedents favoring no notice. Moreover, as the representative of the class, it was counsel's duty to represent their interests and, even though arguing to the contrary, point out why notice to the absent class members might be necessary. While the original brief was deficient, the court believes that counsel thought he had the best interests of the class in mind in that he was trying to save them the cost of notice. The court wishes to make clear, though, the special duties of class counsel and the court in class actions. Under circumstances such as the present one, counsel must point out the precedents on both sides even if he is arguing in favor of only one side. The court was also obliged to ensure that the interests of the class were being fully represented.

*City School District of Cincinnati,* 604 F.Supp. 68, 71 (S.D.Ohio 1984); *Sagers v. Yellow Freight Systems, Inc.,* 68 F.R.D. 686, 688 (N.D.Ga.1975), *aff'd,* 529 F.2d 721 (5th Cir.1976); C.A. Wright, A. Miller, M.K. Kane, *Federal Practice & Procedure* § 1797 at 340 (2d ed. 1986). The mandatory nature of the notice requirement is clear from the language of the Rule itself: "notice of the proposed dismissal or compromise *shall* be given to all members of the class." Fed.R.Civ.P. 23(e). *See Sertic, supra.* The mandatory notice requirement applies to settlements with less than all defendants. *See United States v. Michigan,* 116 F.R.D. 655, 665 (W.D.Mich.1987); *Seiffer v. Topsy's Int'l, Inc.,* 80 F.R.D. 272, 275 (D.Kan.1978); *Altman v. Liberty Equities Corp.,* 54 F.R.D. 620, 622 (S.D.N.Y. 1972); *Philadelphia Electric Co. v. Anaconda American Brass Co.,* 42 F.R.D. 324, 327 (E.D.Pa.1967). *But compare In re Alleghany Corp.,* 634 F.2d 1148, 1150–51 (8th Cir.1980) (it can be argued that, in light of Rule 23(d)(5), district judge can *nunc pro tunc* approve dismissal of some defendants without prejudice without there being prior notice to class; therefore mandamus would not issue since no clear abuse of discretion or usurpation of judicial power); *compare also id.* at 1151 (Ross, J., concurring) (approval of settlement without notice was in error, but not grounds for mandamus; appellate court decision, however, does not decide merits of notice question).

Before requiring notification of the absent class members, the proposed settlement must be preliminarily approved. *See Bronson,* 604 F.Supp. at 71–72. The court has examined the submissions of the parties and agrees that it appears Sandoz will not have any liability for past practices. Also, as part of the settlement, Sandoz has agreed to continue to give the class members it employs the full amount of earnings on their invested funds. Additionally, the settlement does not appear to be the product of collusion or an attempt to favor some class members over others. The court, however, does not finally determine the propriety of the settlement. This will not be decided until after hearing the objections, if any, of the absent class members and other defendants. The court also ten-

tatively determines that a hearing is unnecessary. The facts do not appear to be disputed. However, a final determination as to the necessity of a hearing will only be made after examining any written objections as to settlement that may be filed.

This court has the discretion to determine the manner of notice. Fed.R.Civ.P. 23(e). All the class members are known and their number is not so excessive that notice by mail would be excessively expensive. The settling parties should seek to reach an agreement as to who should bear the costs of notice. *See Newburg on Class Actions* § 11.39 (2d ed. 1985). The parties shall submit a proposed form of notice by June 10, 1988. The notice should be sent by first class mail to all class members and defendants and should provide 30 days for the filing of any objections to settlement.

IT IS THEREFORE ORDERED that:

(1) Sandoz Crop Protection Corp. is substituted for Sandoz, Ltd.

(2) Plaintiff's motion for entry of agreed order of dismissal is denied without prejudice.

(3) Plaintiff and defendant Sandoz Crop Protection Corp. shall submit by June 10, 1988 a proposed form of notice of proposed settlement.

(4) A status hearing and ruling on proposed form of notice set for June 17, 1988 at 9:15 a.m.