954 F.2d 725
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jesse A. TOLBERT, Plaintiff-Appellant,
v.
Clarence THOMAS, Chairman, of the U.S. Equal Employment
Opportunity Commission, Defendant-Appellee.
 No. 91-1033.
 United States Court of Appeals, Sixth Circuit.
 Feb. 6, 1992.
As Amended Feb. 28, 1992.
 
 Before KENNEDY and RALPH B. GUY, Jr., Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Jesse A. Tolbert, a pro se Michigan citizen, appeals a district court judgment dismissing his petition for a writ of mandamus filed pursuant to 28 U.S.C. § 1361. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 In July 1989, Tolbert sought a writ of mandamus ordering the EEOC to investigate his discrimination claims. On three separate occasions in 1983, Tolbert, an EEOC employee, filed administrative complaints with the EEOC alleging racial discrimination. One of the complaints was eventually cancelled and the other two were consolidated for a hearing before an administrative law judge. On April 4, 1989, the administrative law judge cancelled the consolidated complaints for failure to prosecute. Tolbert requested that the complaints be reopened and that the cancellation be reconsidered on April 12, 1989. However, Tolbert did not submit this request to the EEOC Office of Review and Appeals. Tolbert filed his mandamus petition in the district court on June 12, 1989. The district court dismissed the mandamus petition finding that Tolbert's suit was untimely because it was not filed within thirty days of the final agency action on April 4, 1989, as required by 42 U.S.C. § 2000e-16(c). Tolbert has filed a timely appeal.
 
 
 3
 Upon review, we conclude that the district court properly dismissed Tolbert's mandamus petition for the reasons stated in the district court's memorandum and opinion filed October 17, 1990.
 
 
 4
 The district court did not abuse its discretion in denying Tolbert's mandamus petition. See Schlagenhauf v. Holder, 379 U.S. 104, 111-12 n. 8 (1964); In re Alleghany Corp., 634 F.2d 1148, 1150 (8th Cir.1980). Tolbert has not shown that he is entitled to the extraordinary remedy of a writ of mandamus because he has not shown a clear and indisputable right to the issuance of the writ. See Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980) (per curiam); In re Bendectin Products Liability Litigation, 749 F.2d 300, 303 (6th Cir.1984).
 
 
 5
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.